**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Questions Propounded by the Senate in an Order Dated June 17, 1969.

Supreme Judicial Court of Maine.

Answered June 17, 1969.

---

## SENATE ORDER PROPOUNDING QUESTIONS

### STATE OF MAINE

In the Senate

June 16, 1969

WHEREAS, it appears to the Senate of the 104th Legislature that the following are important questions of law and that the occasion is a solemn one; and

WHEREAS, there is pending before the 104th Legislature Legislative Document No. 1543 which proposes in Section 49 thereof to make it unlawful for any non-resident who is employed in a lumbering operation in any unorganized or unincorporated place within the jurisdiction of the State to have any firearm in his possession within the area of such lumbering operation; and

WHEREAS, the constitutionality of the proposed legislation has been questioned; and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of Section 49 of Legislative Document No. 1543;

NOW THEREFORE BE IT ORDERED, that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the Senate, according to the provisions of the Constitution, on its behalf, their opinion on the following questions, to wit:

1. Does Section 49 of Legislative Document No. 1543 violate the provisions relating to equal protection contained in the Fourteenth Amendment to the Constitution of the United States and in Article I, Section 6–A of the Constitution of Maine?

2. Does Section 49 of Legislative Document No. 1543 violate the provisions relating to due process contained in the Fourteenth Amendment to the Constitution of the United States and the Constitution of Maine, Article I, Section 6–A?

## ONE HUNDRED AND FOURTH LEGISLATURE

*Legislative Document* No. 1543

S. P. 464          In Senate, May 22, 1969

Reported by Senator Hoffses of Knok from Committee on Inland Fisheries and Game. Printed under Joint Rules No. 18.

JERROLD B. SPEERS, Secretary

### STATE OF MAINE

---

## IN THE YEAR OF OUR LORD NINETEEN HUNDRED SIXTY-NINE

AN ACT to Correct Errors and Inconsistencies in the Fish and Game Laws.

Be it enacted by the People of the State of Maine, as follows:

\*      \*      \*      \*      \*      \*

Sec. 49. R.S., T. 12, § 2458–B, additional. Title 12 of the Revised Statutes is amended by adding a new section 2458–B, to read as follows:

§ 2458–B. Firearms at lumbering operations

It shall be unlawful for any nonresident who is employed in a lumbering operation in any unorganized or unincorporated place within the jurisdiction of the State to have any firearm in his possession within the area of such lumbering operation.

\*      \*      \*      \*      \*      \*

## ANSWERS OF THE JUSTICES

### TO THE HONORABLE SENATE OF THE STATE OF MAINE:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we the undersigned Justices of the Supreme Judicial Court, have the

honor to submit the following answers to the questions propounded on June 17, 1969.

QUESTION NO. 1: Does Section 49 of Legislative Document No. 1543 violate the provisions relating to equal protection contained in the Fourteenth Amendment to the Constitution of the United States and in Article I, Section 6–A of the Constitution of Maine?

ANSWER: We answer in the affirmative.

Article I, Section 6–A of the Constitution of the State of Maine prohibits the denial to any persons of "the equal protection of the laws" and the Fourteenth Amendment to the Constitution of the United States provides in part that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State * * * deny to any person within its jurisdiction the equal protection of the laws."

"The rule is well settled that a state may classify persons and objects for the purpose of legislation * * * provided such classification of persons * * * is reasonable for the purpose of legislation, is based on proper and justifiable distinctions, * * * is not clearly arbitrary * * *." 16 Am.Jur.2d Constitutional Law § 494.

"If persons are, * * * within the jurisdiction of a state, the (equal protection) clause guarantees to all so situated, whether citizens or residents of the state or not, the protection of the state's laws equally with its own citizens." 16 Am.Jur.2d, Constitutional Law § 516.

"Laws which denounce certain acts as crimes * * * and prescribe the punishment to be inflicted can be declared to be void only when the classification is based on purely arbitrary grounds; if they operate uniformly on all persons in the same category and there is a reasonable basis for any classification that is made, they are not invalid as class legis-

lation. * * * A penal statute, however, which makes arbitrary distinctions, such as arbitrary distinctions between different persons or classes of persons, either by making certain acts criminal offenses when committed by some persons but not when committed by others, by prescribing different penalties for the commission of the same acts by different persons * * * has been declared unconstitutional as class legislation. So a statute making certain acts subject to special punishment in certain counties and different from that prescribed by the general law has been held invalid * * *." 16A C.J.S. Constitutional Law § 501.

It is conceded that "legislation may impose special burdens upon defined classes in order to achieve permissible ends. But the Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the classification is made.'" Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, [2–5] 1499, 16 L.Ed.2d 577.

The above principles have been recognized and reiterated in State v. Montgomery, 94 Me. 192, 47 A. 165 (licensing discrimination between citizens and aliens); State v. Mitchell, 97 Me. 66, 53 A. 887 (licensing discrimination between residents of a town); and State v. Cohen, 133 Me. 293, 299, 177 A. 403 (licensing discrimination between residents and non-residents), in all of which the discrimination was held constitutionally invalid.

The proposed section is to appear within Title 12 of our Revised Statutes Annotated under the general subject of conservation and among sections intended to discourage the taking of wild game by hunting from automobiles (§ 2456), from railways (§ 2457), the use of silencers on firearms and automatic weapons (§ 2458), hunting with nets, traps, cross bow or snares (§ 2459), and the use of pole traps (§ 2460).

As the proposed measure stands before us as a measure ostensibly to promote con-

servation, no proper and justifiable distinction between the possession of firearms by a resident and a non-resident worker is apparent, and the measure is arbitrary and unconstitutional.

QUESTION NO. 2: Does Section 49 of Legislative Document No. 1543 violate the provisions relating to due process contained in the Fourteenth Amendment to the Constitution of the United States and the Constitution of Maine, Article I, Section 6–A?

ANSWER: In view of our answer to Question No. 1 it becomes unnecessary to answer Question No. 2.

Dated at Augusta, Maine, this 17th day of June, 1969.

Respectfully submitted:

> ROBERT B. WILLIAMSON
> DONALD W. WEBBER
> WALTER M. TAPLEY, JR.
> HAROLD C. MARDEN
> ARMAND A. DUFRESNE, JR.
> RANDOLPH A. WEATHERBEE