## O'Brien Appeal.

Argued December 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas M. Twardowski,* with him *Thomas A. Riley, Jr.,* and *Lentz, Riley, Cantor, Kilgore & Massey,* for appellants.

*Theodore O. Rogers,* with him *Susan P. Windle,* and *Rogers, Gentry, Windle & Lamb,* for appellee.

OPINION PER CURIAM, March 19, 1970:
Order affirmed.
SPAULDING, J., dissents.

---

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from an order of the lower court dismissing condemnees' preliminary objections to a condemnor's amended declaration of taking.

The Chester County Resources Authority (Condemnor) on July 12, 1968, filed declarations of taking for two parcels of property owned by Mr. and Mrs.

Frank O'Brien (Condemnees). Since Condemnor possessed no power of taxation, it filed its own bond without surety in each proceeding.[1]

Condemnees, thereafter, filed preliminary objections which challenged and objected to, among other things, the sufficiency of condemnor's bond filed without surety. After argument, the court, on March 11, 1969, allowed condemnor thirty days in which to file an amended declaration of taking. The lower court also permitted condemnor to file, in support of its condemnation bond, a statement of its financial condition under oath or, in the alternative, to file a substitute bond with security to be approved by the court in such amount as would adequately secure the payment of any damages awarded.

Thereafter, on April 10, 1969, condemnor filed amended declarations of taking and also filed a bond without surety, together with an affidavit purporting to describe its assets.

Condemnees filed preliminary objections to the amended declaration of taking wherein they again challenged and objected to, among other things, the suffi-

---

[1] Section 403 of the Eminent Domain Code, 26 P.S. §1-403, provides in pertinent part: "(a) Bond. Except as hereinafter provided, every condemnor shall give security to effect the condemnation by filing with the declaration of taking its bond, without surety, to the Commonwealth of Pennsylvania for the use of the owner or owners of the property interests condemned, the condition of which shall be that the condemnor shall pay such damages as shall be determined by law.

. . .

"(c) Insufficient Security. The court, upon preliminary objections of the condemnee under and within the time set forth in section 406(a) may require the condemnor to give such bond and security as the court deems proper, if it shall appear to the court that the bond or power of taxation of the condemnor is not sufficient security. 1964, Special Sess., June 22, P. L. 84, Art. IV, §403."

ciency of the bond.  In addition, condemnees requested depositions of the executive director of the condemnor which request was refused.

Soon thereafter, the matter was argued before the lower court.  Condemnees urged the lower court to order the taking of depositions or to hold a hearing which would allow them to establish the truth of their allegation.  The court did not specifically rule on the preliminary objections at that time, but did question the fact that condemnor had not yet complied with its earlier order of March 11, 1969.  Several days after argument, condemnor filed with the court a document captioned "Motion for Leave to File Financial Statement" and attached thereto exhibits purporting to represent condemnor's financial condition as of December 31, 1968.  The lower court did not hear any further argument from the parties concerning this document nor did it hold an evidentiary hearing or order the taking of depositions.

On July 31, 1969, the lower court issued an order dismissing all of condemnee's preliminary objections to the amended declarations of taking.  This appeal followed.

In my opinion, the lower court erred in failing to allow the condemnees the opportunity to further investigate condemnor's financial status and to depose its executive director.

This case is very similar to *Faris Appeal*, 435 Pa. 55, 255 A. 2d 653 (1969).  In that case, the Redevelopment Authority of Altoona had condemned appellants' properties upon which the authority filed an open-end bond.  Appellants filed preliminary objections contending that since the authority had no power of taxation and its financial resources were questionable, the bond filed was of "insufficient security."  The trial judge dismissed the preliminary objections without requiring an answer or holding a hearing.  The Supreme Court

held that the lower court abused its discretion, since a question of fact was raised by the preliminary objections as to the sufficiency of the security. It stated: "In order to make a determination on the merits of that contention, an adequate record should have been made. Hence we remand the case for proceedings upon which this determination can be based." pp. 56-7.

Although the Supreme Court does not set forth the underlying reasons for its decision in *Faris Appeal,* its concern is apparent. Our constitution guarantees that private property shall not be taken or applied to public use without just compensation being first made and secured. Pa. Const. Art. I, §10, §601 of the Eminent Domain Code, 26 P.S. §1-601. Accordingly, courts must be exceedingly careful that an individual's rights in this regard are not abridged.

Viewed in this aspect, the importance of the condemning authority's security becomes apparent. Once a declaration is filed, the condemnee must begin to plan a future course of action. His commitments and undertakings will be based on the assumed financial ability of the condemning authority to provide just compensation. Should the condemning authority be unable to pay this sum when due, the consequences to the condemnee could be disastrous. Courts, therefore, must examine with scrupulous care the financial ability and stability of the condemning authority.

The condemnor here argues, however, that this case is distinguishable from *Faris Appeal,* and that no further proceedings were necessary in the lower court because the financial statement submitted by it constituted an "adequate record" from which the Court could make its decision.

I cannot agree. In my opinion, the condemnees should have had the opportunity to investigate condemnor's financial position, to subject it to careful scrutiny and, most importantly, to question those peo-

ple who were responsible for the preparation of the financial reports. Experience has taught us that a financial report which on its face presents a picture of financial health, often breaks down under closer analysis. It is clear to me in this case, that the additional few weeks required to take depositions and make further studies would have provided an adequate record from which the court could have determined with greater certainty whether the financial statements submitted by the condemnor were accurate and provided sufficient security for the condemnees. This all could have been accomplished without hindering significantly the work of the condemning authority.

Under these circumstances I would hold that the matter should be remanded to the lower court so that an adequate record might be made as to the sufficiency of the bond and security presented by the condemnor.[2]

---

[2] Condemnor also contends that the question is now moot because a project agreement has been entered into with the United States Department of Agriculture and various state and local authorities which would establish the availability of funds. I cannot determine from this agreement the status of the funds which can or have been guaranteed by the various agencies. It would seem, however, that this too would be a proper matter for the lower court to investigate.