SALLY P. RANDALL *vs.* ALONZO RANDALL.

*Deed—construction of.   Exception—what is.*

In a deed conveying the west half of a farm, the clause, "Excepting the reserve
   of the four rows  of apple-trees on the north side of the orchard, ... and the
   land on which they stand ; also, so much of the second growth of ash timber,
   as I shall need for my own personal use," constitutes an exception.

ON REPORT.

TRESPASS QUARE CLAUSUM for  breaking and. entering the plaintiff's close in Dixmont, and  cutting  and  carrying  away  the  grass, and carrying away the apples growing in said close.   Plea, general issue.

On September 17, 1844, Nathaniel Randall conveyed by deed of quit claim to John J. Bickford, the west half of his farm described by metes and bounds. In this deed is the following clause:

" Excepting, however, the reserve of the four rows of apple-trees on the north side of the orchard, with a suitable passway to and from the same, and the land on which they stand. Also, so much of the second growth of ash timber as I shall want for my own personal use."

The metes and bounds given in this deed included the land on which the four rows of apple trees stand. The premises thus conveyed to Bickford came through several *mesne* conveyances to the defendant.

On Feb. 13, 1861, Nathaniel Randall, by deed of warranty conveyed to the plaintiff the east half of said farm, together with the land excepted in his deed to Bickford describing the whole premises by metes and bounds, describing the west line as follows: " thence north to the centre between the fourth and fifth rows of apple-trees in the orchard; thence west the length of the orchard; thence north to the north side of the fourth row of apple-trees from that point; thence east to the east line of the Bickford lot; thence north," etc. The trespass complained of was committed by cutting and carrying away the grass which grew upon the land thus described, and the apples growing upon the trees upon the same land.

If the action was maintainable, a default was to be entered for ten dollars damages.

*Geo. W. Whitney*, for the plaintiff.

*H. H. Andrews*, for the defendant.

APPLETON, C. J.  Both parties claim title under Nathaniel Randall, who on Sept. 17, 1844, conveyed by deed of quitclaim the west half of his farm to one Bickford, " excepting, however, the reserve of the four ‛rows of apple-trees on the north side of the orchard, with a suitable passway to and from the same, and the land on which they stand.  Also, so much of the second growth of ash timber as I shall want for my own personal use."

On February 13, 1861, Nathaniel Randall conveyed by deed of warranty to the plaintiff the east half of said farm, together with the land excepted or reserved in his deed to Bickford. The land is described by metes and bounds including the parcel so excepted or reserved. The plaintiff entered under this deed and has remained in the exclusive possession and occupation of the whole land included in his deed.

The question presented is whether the words in the deed from Randall to Bickford, " excepting, however, the reserve of the four rows of apple-trees, etc., and the land on which they stand," and of " so much of the growth of ash timber as I shall want for my own personal use," constitute an exception or a reservation.

" A reservation is a clause in a deed, whereby the grantee reserves some new thing to himself out of the thing granted, and not *in esse* before ; but an exception is always a part of the thing granted, or out of the general words and description in the grant. " 4 Kent's Com. 468. In all deeds the intention is to govern. The land upon which the four rows of apple-trees stand is part of the thing granted, and is excepted from the grant. The ash trees were part of the thing granted. Neither the land nor ash trees are new things and not *in esse* before. In *The Earl of Cardigan* v. *Armitage*, 9 E. C. L. 60, says Bailey J., " the language of this feoffment is, " except and always reserved," out of the said feoffment unto Sir Thomas Danby and his heirs all the coals. The coals were part of the thing granted and *in esse* at the time. The consequence, therefore, according to *Co. Litt.* is that if this, which in words was an exception, operated in point of law as an exception, the coal *semper cum Sir T. D. fuerunt.* They were never out of him, and without the words of inheritance, " and his heirs," would have remained as before in Sir Thomas Danby and his heirs. Shepp. Touch. 100." There are cases reported where the word reserve is treated as an exception, as in Dyer 19 a. *Smith* v. *Ladd*, 41 Maine, 314. When a reservation is to be construed as an exception, no words of inheritance are necessary, in order that rights reserved or excepted may go to the heirs or assigns of the grantor. *Winthrop* v. *Fairbanks*, 41 Maine 307.

This result is in accordance with the acts as well as the obvious intention of the parties. Nathaniel Randall intended to except half of the orchard, and, excepting it, he conveyed it by deed of warranty to the plaintiff. The grantees of the west half acquiesced in this construction until the trespass, which constitutes the subject-matter of this suit. According to all the authorities here was no reservation, but an exception. *Judgment for plaintiff for ten dollars.*

CUTTING, KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.