JOHN F. BEAN *vs.* JONATHAN C. FRENCH.

Worcester. Sept. 28. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A clause in a deed of land, "reserving however to myself the privilege of a bridle road in front of the house," creates in the grantor only a life estate in the easement.

TORT for breaking and entering the plaintiff's close in Worcester. The defendant justified his acts under a right of way over the plaintiff's land. Trial in the Superior Court, before *Barker,* J., who allowed a bill of exceptions, in substance as follows:

The defendant claimed title under one Alpheus Merrifield, who, on November 7, 1821, being then the owner of a tract of land containing between fourteen and fifteen acres, of which the plaintiff's premises were a part, conveyed the latter to one Elizabeth Cobleigh, her heirs and assigns, by a warranty deed containing the usual covenants, and also the following clause: " Reserving however to myself the privilege of a bridle road in front of the house."

The granted premises were bounded on two sides thereof by the grantor's other land. The defendant's evidence tended to show that there was no other reasonable way to get to his land than through the land of the plaintiff at the place indicated as a " bridle road," and that Merrifield and those claiming under him had always used said " bridle road " in connection with said remaining land; but there was conflicting evidence on these points.

It appeared that Merrifield died in January, 1853; that, in 1854, the plaintiff's estate passed by mesne conveyances from Cobleigh to one Deland, in which conveyances no reference was made to a right of way; and that, on October 25, 1854, it was conveyed by the administrator of the estate of Deland to Patrick Doolan, his heirs and assigns, by a warranty deed containing the usual covenants, and also the following clause: " A certain tract of land with buildings thereon, situated in Worcester (New Worcester) containing one half acre known as the Cobleigh Place, the same conveyed by Alpheus Merrifield to Elizabeth Cobleigh, and subject to the right of way through said land as defined in said deed to said Elizabeth Cobleigh."

The judge ruled that, upon the evidence, the defendant had no right of way by grant as appurtenant to his estate. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*B. W. Potter & F. W. Blackmer*, for the defendant.

*J. H. Bancroft*, for the plaintiff.

MORTON, C. J. The defendant claims a right of way over the plaintiff's lot under the deed from Merrifield to Cobleigh. This deed contains the following clause: " Reserving however to myself the privilege of a bridle road in front of the house."

The question in the case is not whether the easement thus created was appurtenant to the land retained by the grantor,

but rather what was its duration. *Dennis* v. *Wilson*, 107 Mass. 591. It is the settled rule, that, in a deed to an individual, the word " heir " is necessary to create an estate of inheritance in the grantee, if he takes to his own use, and not in trust. *Buffum* v. *Hutchinson*, 1 Allen, 58. *Sedgwick* v. *Laflin*, 10 Allen, 430. The same rule applies to a reservation which operates by way of an implied grant. *Curtis* v. *Gardner*, 13 Met. 457. *Jamaica Pond Aqueduct* v. *Chandler*, 9 Allen, 159. *Ashcroft* v. *Eastern Railroad*, 126 Mass. 196.

When a clause in a deed is strictly an exception, taking out of the grant some portion of the grantor's former estate, as if one should convey his farm excepting the wood lot, the part excepted would remain in the grantor as of his former title, because not granted. But when the effect of the clause is to create some right or easement not before existing, it is, properly speaking, a reservation, and is generally considered as operating by way of an implied grant.

In the case at bar, Merrifield, while he was the owner of the lots now held by the plaintiff and the defendant, had the right to pass and repass over any part of his estate, but no right of way, properly speaking, existed over the plaintiff's lot. This easement or servitude in favor of the lot retained by Merrifield was a new interest in real estate, created by the reservation and its acceptance by the grantee in the deed. As the reservation contains no words of inheritance, it follows, according to the authorities cited above, that Merrifield had only a life estate in the easement ; and that the ruling of the Superior Court was correct.                               *Exceptions overruled.*