CHESTER D. HALL *vs.* URSULA M. HALL.

Lincoln.    Opinion February 7, 1910.

*Deeds.    Construction.    Fee Simple.    Heirs.    Exceptions.    Reservations.*

At common law the word "heirs" is necessary in order to convey a fee simple in land, it matters not how plainly the intention to do so may be expressed in words of perpetuity.

It is not essential to an exception from a conveyance of an easement appurtenant to other land of the grantor that the word "heirs" be used in order to make the exception perpetual.

An "exception" of an easement appurtenant to other land of the grantor operates to retain in the grantor some portion of his former estate, and whatever is thus excepted or taken out of the grant remains in him as of his former title.

An "exception" is a part of the thing granted, and of a thing in being at the time of the grant.

A "reservation" vests in the grantor some new right or interest that did not exist in him before and operates by way of an implied grant and in the absence of words of inheritance, only an estate for the life of the grantor is created.

Whether a clause in a deed creates a reservation or an exception is not so much a question of words as of intention to be gathered from all the circumstances of the case so that the term "except" has been construed to create a reservation and the term "reserve" an exception.

Whether a clause in a deed is intended to operate as an exception or reservation is to be determined by its character, rather than by the particular words used.

*Held :* That a clause in a deed of land adjoining a road "reserving" to the grantor a right of way in common with the grantee "meaning a cart road to and from" the grantor's land, created an exception and not a reservation, where the road existed at the time of the deed and was necessary to the land retained by the grantor, and where the circumstances showed that the provisions were intended for the benefit of the land retained and not to be merely a personal right.

*Held :* That a right of way excepted from a conveyance to give the grantor access to a road from retained land was not extinguished by the erection of a building across the way where another route was substituted apparently by mutual agreement and acquiesced in for twenty-five years.

On exceptions by defendant.    Overruled.

Action on the case to recover damages for the obstruction by the defendant of the plaintiff's alleged right of way over the defendant's land in Nobleboro, Lincoln County.    Plea, the general issue.    At the conclusion of the evidence, and on the plaintiff's motion, the presiding Justice ordered a verdict for the plaintiff and for "a nominal sum as damages" and thereupon the jury returned a verdict for the plaintiff with damages assessed at one dollar, and the defendant excepted.

The case is stated in the opinion.

*Arthur S. Littlefield, and Howard E. Hall,* for plaintiff.

*Wm. Henry Hilton,* for defendant.

SITTING :    EMERY, C. J., SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J.    On September 22, 1864, Horace Hall being the then owner of a tract of land in Nobleboro containing about forty-five acres, and bounded on the south by the West Neck Road so called, conveyed by warranty deed to Elbridge G. Hall, the portion of the same on which the buildings were located, lying next to the road, and comprising about five acres.    This deed contained the following clause which is now before the court for construction : "Reserving to me, the said Horace Hall, a right of way in common with the said Elbridge G. Hall, to and from and acrost the above described premises, meaning a cart road to and from my land."

The portion retained by Horace Hall, the dominant estate, has come down by mesne conveyances in three lots, the lot next back from the Elbridge Hall lot being acquired by Mary A. Hall, the next by George L. Hall and the rear lot, sometimes called the Peter field, by the plaintiff. The defendant similarly acquired the servient estate, the portion conveyed by Horace to Elbridge G. Hall. Horace Hall died in 1880.

This right of way across the defendant's lot had been used to a greater or less extent by the plaintiff and his predecessors in title until the summer of 1908, when it was obstructed by the defendant, and the plaintiff brought this action on the case to recover damages for such obstruction. The presiding Justice directed a verdict for the plaintiff and the case is before this court on exceptions to this ruling.

Two questions are presented for consideration. First, did the clause in the deed above quoted create a reservation limited to the lifetime of Horace Hall as claimed by the defendant, or did it create an exception in favor of the grantor appurtenant to the remaining land, and passing to his heirs or assigns without words of inheritance, as claimed by the plaintiff? Second, was the easement extinguished?

A brief recital of long and firmly established legal principles will determine both questions in favor of the plaintiff.

It is an unyielding rule of the common law that the word "heirs" is necessary in order to convey a fee simple in land, it matters not how plainly the intention so to do may be expressed in other words of perpetuity. But this rule is not applicable to an "exception" of an easement appurtenant to other land of the grantor, which operates to retain in the grantor some portion of his former estate and whatever is thus excepted or taken out of the grant remains in him as of his former title. An exception is of a part of the thing granted and of a thing in being at the time of the grant. A reservation, however, vests in the grantor some new right or interest that did not exist in him before. It operates by way of an implied grant and in the absence of words of inheritance only an estate for the life of the grantor is created. See *Engel* v. *Ayer*, 85 Maine, 448 and cases cited.

Whether a given clause creates a reservation or an exception is not so much a question of words as of intention to be gathered from all the facts and circumstances of the case, so that the term "except" has been construed to create a reservation and the term "reserve" an exception. "Whether a particular provision is intended to operate as an exception or reservation is to be determined by its character rather than by the particular words used." *Perkins* v. *Stockwell,* 131 Mass. 529; *Ring* v. *Walker,* 87 Maine, 550.

In conformity with this broad and liberal rule of construction the following may be cited as examples of provisions which in terms were reservations but were held to create exceptions. "Reserving forever a right of way over a street which the grantee is to make, from the northwest corner of said granted lot to the road," *Bowen* v. *Conner,* 6 Cush. 132; "Reserving the passway at grade over said railroad where now made," *White* v. *R. R. Co.,* 156 Mass. 181; "Reserving the right to cross the track of said railroad on grade near the westerly line of our said lands at such place as said company can most conveniently provide," *Hamlin* v. *R. R. Co.,* 160 Mass. 459; "We reserve to ourselves the privilege of crossing and recrossing the said piece of land above described, or any part thereof within said bounds," *Chappell* v. *R. R. Co.,* 62 Conn. 195; "Reserving forever for myself the privilege of passing with teams &c. across the same in suitable places to land I own to the south of the premises," *Winthrop* v. *Fairbanks,* 41 Maine, 307; "I do reserve a driveway from the county road onto the east end of said lot &c. and another driveway on to the west end of said lot," *Smith* v. *Ladd,* 41 Maine, 314; "Reserving a passway from the road &c.," *Bangs* v. *Parker,* 71 Maine, 458; "With the reservation of a road two rods wide over the northerly side of said lot," *Wellman* v. *Churchill,* 92 Maine, 193.

The provision under consideration merits as reasonable a construction as the foregoing. Look at the situation. By the conveyance of the front lot, the rear lot became inaccessible, except over land of other parties, unless a right of way were retained. The convenience and necessity of this way were as great to subsequent owners of the rear lot as to the grantor. It was a right which

could not have been intended as limited to the life of the grantor, because his heirs or grantees would .be as helpless without it as he. It was designed to belong to the land itself and not to be merely a personal right. The way was marked out on the face of the earth and was a well defined road in actual use at the time of the conveyance. It was a thing in esse. Its use to a greater or less extent, continued for forty-five years unquestioned. Bars were constructed in the fences separating the various lots, and these had given place to gates, the change on the defendant's premises being made by her husband with her approval, as late as 1906. On July 26, 1884, four years after the death of Horace Hall, the administratrix of Elbridge G. Hall, who was his widow, conveyed the defendant's lot to her son, and expressly excepted "the right of way reserved to Horace Hall when sold to Elbridge G. Hall, which is still to be allowed to said Horace Hall," and when the son reconveyed the same to his mother October 27, 1884, he excepted "the right of way reserved to Horace Hall, when sold to Elbridge G. Hall, which is to still be allowed." This action on the part of the family of the original grantee admitting the existence of the easement four years after the death of the original grantor is significant as bearing upon the intention of the parties to the original deed. In view of all these circumstances and conditions a reasonable construction of the deed must treat this provision in the nature of an exception and not a reservation, and the easement thereby created to have been acquired by the plaintiff through the mesne conveyances of the rear lot.

But the defendant goes further and contends that even if this construction is correct, the way in question was extinguished by the erection in 1883 by the owner of the defendant's lot, and their maintenance until the present time, of an ell and woodshed across the way as used by Horace Hall. Such erection and maintenance are undisputed but it further appears that after this erection another way for a short distance around the ell was substituted by mutual arrangement, and therefore the way in its slightly changed course took the place of the former one. The new way at that point was used by all parties from 1883 down to 1908, and was recognized in

the deeds from the owners of the servient estate in 1884 before referred to. No definite way was reserved in the deed from Horace Hall. It was simply a way across the granted premises to the remaining land of the grantor, and if the defendant or her predecessors for purposes of convenience substituted a slightly different course for a portion of the way then in use and this was acquiesced in by the plaintiff and his predecessors, it fulfilled the calls of the deed, and no element of extinguishment exists. *Bangs* v. *Parker*, 71 Maine, 458 ; *Fitzpatrick* v. *R. R. Co.*, 84 Maine, 33 ; *Tabbutt* v. *Grant*, 94 Maine, 371.

*Exceptions overruled.*