SHACKFORD & GOOCH, INC., et al.

v.

B & B COASTAL ENTERPRISES, INC.

Supreme Judicial Court of Maine.

Argued June 19, 1984.

Decided Aug. 15, 1984.

Michelle M. Robert (orally), Biddeford, for B & B Coastal Enterprises.

T.A. Fitanides, Biddeford, for appellants.

Reagan & Adams, David P. Cullenberg (orally), Kennebunk, for Shackford & Gooch, et al.

Ayer, Hodsdon & Austin, Gordon C. Ayer (orally), Kennebunk, for R.H. Brown party in interest.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

This case arises from a property dispute over two rights-of-way. The Defendant, B & B Coastal Enterprises, Inc., d/b/a Bartley's Dockside, appeals from an order and judgment entered in Superior Court, York County, granting injunctive relief to the Plaintiffs, Shackford & Gooch, Inc., Bernice Gooch, and Arthur Brendze, and from a subsequent order denying the Defendant's counterclaim.

We affirm the judgment.

On June 6, 1944, Harry L. Shackford sold by separate deeds two adjoining parcels of real estate in Kennebunk. In one deed, he conveyed to his daughter, Marguerite Hubbard, a parcel of land which adjoined a tract "this day conveyed by this Grantor to one [Byron O.] Gooch," his son-in-law, "reserving" to Gooch a fifteen-foot-wide right-of-way. In the other, he conveyed to Gooch a parcel of land bordering a tract "this day conveyed by this Grantor to one Margurite [sic] Hubbard" and further conveyed to him a fifteen-foot-wide right-of-way over "said Hubbard lot."

The daughter conveyed her tract to Robert H. Brown, Jr., subject to Gooch's right-of-way. Brown received title to an adjacent tract from Shackford's widow. On March 25, 1976, Brown conveyed the back portion of this property to his wife, Elizabeth. On April 15 of the same year he deeded to his wife a right-of-way over the front lot. The deed was not recorded until July 30, 1976. In the interim, Brown executed an installment sale contract to sell to Barbara Lucey the front lot, encumbered by the rights-of-way of Byron Gooch and Elizabeth Brown. This agreement had been recorded in June, 1976. Barbara Lucey's interest under the sales contract was eventually assigned to the Defendant. The Defendant currently operates a restaurant on this property.

Elizabeth Brown executed an installment contract to sell her parcel of land, plus her right-of-way, to Arthur Brendze. Part of Byron Gooch's real estate, together with the right-of-way, passed apparently by will to his wife Bernice Gooch; the remainder was deeded by Byron Gooch to Shackford & Gooch, Inc.

On April 29, 1983, the Plaintiffs entered a two-count complaint against the Defendant in Superior Court. The first count, which is the only one relevant to this appeal, alleged that the Defendant obstructed Brendze's and Gooch's rights-of-way. The Plaintiffs sought injunctive relief. The Defendant answered that the Plaintiffs had no right-of-way and counter claimed for trespassing. A hearing was held on September 6 and 8. On January 3, 1984, the court entered its Findings of Fact and Conclusions of Law. It found, inter alia, that the Plaintiffs had legal title to the rights-of-way they respectively claimed.

On appeal the Defendant contests the validity of both rights-of-way. As for the right-of-way originally granted to Byron Gooch, the Defendant focuses on the facts that in the deed to his daughter Shackford reserved the right-of-way to Gooch and

that in the Gooch deed he sought to convey this right-of-way over the "Hubbard lot." From these two circumstances the Defendant asks us to infer that delivery of the deed to his daughter must have preceded that of the deed to Gooch and therefore that the attempted conveyance of the right-of-way constituted a reservation to a stranger to the Hubbard deed. The Defendant urges that under Maine law, a reservation to a stranger cannot by its own force create a valid property right. *Fitanides v. Holman*, 310 A.2d 65 (Me.1973).[1]

The Defendant, however, ignores the fact that the Hubbard deed refers to "land this day conveyed by the Grantor to one Gooch" and to "said Gooch land." Read together, the two deeds provide contradictory and therefore inconclusive evidence of which deed took effect first. Moreover, as the Superior Court observed, the deed to Gooch nowhere states that Hubbard already owned the land over which Gooch's right-of-way was created; it merely uses her name to identify the servient estate. Hence, there is no reason to find that the Hubbard deed was delivered earlier.

The two deeds may accurately be viewed as parts of a unitary transaction. Both documents were products of the same scrivener; both were executed, acknowledged and recorded on identical dates; both contained conveyances to members of the grantor's immediate family.

■■■■ When two deeds have been acknowledged on the same date, it may be inferred that the two deeds were delivered in the order that would effectuate the intentions of the parties. *McCausland v. York*, 133 Me. 115, 121, 174 A. 383, 386 (1934); *Loomis v. Pingree*, 43 Me. 299, 308

(1857). Because, as the Superior Court found, this grantor intended to create a right-of-way over the property deeded on the same day to Hubbard,[2] the court below could infer that the deed to Gooch was delivered prior to the deed conveying the servient tenement to Hubbard. Consequently, it was not the "reservation" (or, more precisely, the exception) [3] in the Hubbard deed which established Gooch's right-of-way but rather it was the deed to Gooch.

■■■■ The Defendant also argues that the right-of-way deeded to Elizabeth Brown is invalid because the deed was not recorded until after the recording of the Lucey contract. Because the Defendant clearly had actual notice of this right-of-way from the installment sale contract, this argument is without merit. *See* 33 M.R.S.A. § 201; *see generally* 6A R. Powell & P. Rohan, *Powell on Real Property* ¶¶ 905[1][c], 905[2] (1982).

Although we find none of the Defendant's arguments to be persuasive, they are not so lacking in merit as to make the appeal frivolous. We therefore decline to award the Plaintiffs attorney's fees.

The entry is:

Judgment affirmed.

All concurring.

■■■■■■■■■■■■

---

1. *Contra Restatement of Property* § 472 (1944).

2. It appears that without a right-of-way over the Hubbard land Gooch and his assigns would have had no vehicular access to their property.

3. Technically, a "reservation" is a newly created right, but "reservation" is frequently used interchangeably with "exception." *See, e.g., Nelson v. Bacon*, 113 Vt. 161, 170, 32 A.2d 140, 145 (1943). The intention of the parties, not the words in the deed, is controlling. *Id. See also* 37 *Words and Phrases* 164, 180–84 (1950) & 1983 Pocket Part at 49.