Thomas O'NEILL

v.

Margaret WILLIAMS.

Supreme Judicial Court of Maine.

Argued June 10, 1987.

Decided July 1, 1987.

James W. Strong (orally), Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, for plaintiff.

David R. Weiss (orally), Elizabeth J. Scheffee, Stinson, Lupton & Weiss, Bath, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Margaret Williams appeals the judgment of the Superior Court, Knox County, declaring that Thomas O'Neill had an easement over a narrow strip of land that Williams owns on Vinalhaven Island and which lies between O'Neill's land and a tidal cove locally known as the Basin. We affirm the judgment of the Superior Court.

The parties stipulated to the following facts. In 1882, Moses Webster, from whom O'Neill ultimately derives title, conveyed a narrow strip of land to Williams' predecessor in title. The strip of land lay along the margin of the Basin and deprived the land Webster retained of access to the sea. Nevertheless, the deed contained the following language:

> Reserve being had for said Moses Webster the right of way by land or water.

O'Neill, who acquired his land in 1984, brought this action to establish his title to an easement over the narrow strip of land now owned by Williams, basing his claim on the clause in the 1882 deed. The Superior Court concluded that by the clause Webster reserved an easement appurtenant to the land he retained, which in turn passed to O'Neill as possessor of the dominant tenement.

## I.

The issue confronting us is whether the reservation clause in the 1882 deed created in Moses Webster an easement in gross or an easement appurtenant to the land that he retained. An easement in gross is a purely personal right, is not assignable, and terminates upon the death of the individual for whom it was created. *Reed v. A.C. McLoon & Co.*, 311 A.2d 548, 551–52 (Me.1973); *Davis v. Briggs*, 117 Me. 536, 540, 105 A. 128, 129–30 (1918). By contrast, an easement appurtenant is created to benefit the dominant tenement and therefore runs with the land. *Id.* at 540, 105 A. at 130; *Herrick v. Marshall*, 66 Me. 435, 439 (1877). The right and burden relative to an appurtenant easement respectively pass to grantees of the dominant and servient tenements, assuming the grantees of the servient tenement have actual or constructive notice of the easement. *LeMay v. Anderson*, 397 A.2d 984, 989 (Me. 1979).

The traditional rules of construction for grants or reservations of easements require that whenever possible an easement be fairly construed to be appurtenant to the land of the person for whose use the easement is created. *Id.* at 987; *Davis*, 117 Me. at 540, 105 A. at 129. In resolving this issue we construe the deed in light of the law existing at the time when it was made. *Stuart v. Fox*, 129 Me. 407, 419, 152 A. 413, 418 (1930), *cert. denied*, 284 U.S. 572, 52 S.Ct. 15, 76 L.Ed. 498 (1931). Accordingly, we review the deed under the common law governing the creation of easements by reservation before the advent of the Short Form Deeds Act, P.L.1967, ch. 377, effective October 7, 1967, which abolished the common law requirement of technical words of inheritance to create estates of perpetual duration. *See* 33 M.R.S.A. § 772 (1978).

It was an unyielding rule of the common law that, to create an interest of perpetual duration in land by deed to an individual, it was necessary to use the technical word "heirs." *See Hall v. Hall*, 106 Me. 389, 391, 76 A. 705, 706 (1910); *Brown v. Dickey*, 106 Me. 97, 103, 75 A. 382, 385 (1909); *Engel v. Ayer*, 85 Me. 448, 453, 27 A. 352,

354 (1893). If this word were omitted from the deed the grantee received only a life interest, no matter how plainly the deed expressed an intention to convey an interest of perpetual duration. *See Hall,* 106 Me. at 391, 76 A. at 706; *Brown,* 106 Me. at 103, 75 A. at 385. When, as here, the grantor attempted to obtain a use in his favor in the land he granted, the courts construed this conceptually as a newly created—rather than merely a retained—use, and rigorous application of common law principles would require that in the language creating the use the grantor use the word "heirs" or else the grantor received only a life interest. *See Bean v. French,* 140 Mass. 229, 230–31, 3 N.E. 206, 206–07 (1884); *Ashcroft v. Eastern R. Co.,* 126 Mass. 196, 198–99 (1879).

■ This court early perceived, however, that this conceptual posture and consequent imposition of an apparently arbitrary technical requirement of the word "heirs" operated in most instances to frustrate the intention of the parties. *See Smith v. Ladd,* 41 Me. 314, 319-20 (1856); *Inhabitants of Winthrop v. Fairbanks,* 41 Me. 307, 311–12 (1856); *see also Bowen v. Conner,* 60 Mass. (6 Cush.) 132, 135 (1850). Consequently, to give effect to the intention of the parties this court has routinely construed a provision in a deed purporting to reserve an easement for the benefit of land retained by the grantor as the creation of an easement appurtenant to that land and has obviated the requirement of the technical word "heirs" to preserve an interest of perpetual duration.[1] *See, e.g., Worcester v. Smith,* 117 Me. 168, 103 A. 65 (1918); *Hall,* 106 Me. at 389, 76 A. at 705; *Ring v. Walker,* 87 Me. 550, 33 A. 174 (1895); *Smith,* 41 Me. at 314; *Inhabitants of Winthrop,* 41 Me. at 307.

■ This approach should be followed here. As a littoral property owner Webster clearly intended that the easement across the land conveyed should benefit the land he retained. Otherwise access to water was cut off by the conveyance, appreciably diminishing the value of the retained land. It is highly unlikely that Webster as a grantor would knowingly have impaired the value of the property he retained by limiting the easement to a life interest. *Cf. Tuttle v. Walker,* 46 Me. 280, 287 (1858). We conclude that the Superior Court correctly determined that the easement is appurtenant to O'Neill's land which is the dominant tenement.

II.

■ Williams correctly contends that the Superior Court ought to have been exact in fashioning its decree. The court decreed that

the subject one rod strip of land between [O'Neill's] property and the shoreline tidal basin is an appurtenant easement.

The sole issue as the parties framed it in their stipulation was

whether [O'Neill] is vested with and owns a legal right of way over a certain 16.5 foot strip of land owned by [Williams] and situated between [O'Neill's] property and the shore of the "Basin" . . . .

Accordingly, the decree should be limited to state that O'Neill owned "a legal right of way across" Williams' land.

The entry is:

Judgment affirmed.

Remanded to the Superior Court for modification of its decree consistent with the opinion herein.

All concurring.

---

1. This was originally accomplished by treating the reservation as an exception. Strictly speaking, an exception at common law "excepted" or excluded from the conveyance a portion of the land conveyed. Since the grantor's interest was therefore unaffected by the conveyance no technical words were necessary to preserve that interest. *See, e.g., McIntire v. Lauckner,* 108 Me. 443, 446, 81 A. 784, 786 (1911); *Randall v. Randall* 59 Me. 338, 340 (1871). The distinction between reservation and exception is nowadays virtually obsolete, since the intention of the parties—not the words in the deed—controls and the two terms are used interchangeably. *Shackford & Gooch, Inc. v. B & B Coastal Enterprises, Inc.,* 479 A.2d 1312, 1314 n. 3 (Me.1984). *See, e.g., Reed v. A.C. McLoon & Co.,* 311 A.2d 548, 551 (Me.1973).