STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-01-035
: ;G—AUD— x/ /? /2002

THOMAS J. WENTWOTH and
BOBBIE J. WENTWORTH and
EARL C. HILDRETH,
        Plaintiffs

RECEIVED & FILED

AUG 19 2002

ANDROSCOGGIN
SUPERIOR COURT

    v.

EARLEEN SEBRA,
        Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

AUG 29 2002

## PROCEDURAL HISTORY

Thomas and Bobbie Wentworth filed this action to establish the existence, location, width, and scope of use of a right-of-way they claim over land owned by Earleen Sebra. The Wentworths and Ms. Sebra own abutting parcels of land located in the town of Lisbon.

Ms. Sebra responded to the complaint by denying that the claimed right-of-way burdened her parcel. In the alternative, she asserted that any right-of-way found to be in existence was limited in location, width and scope of use. She also filed a counterclaim requesting that the court find that no right-of-way existed over her land.

On June 19, 2002, the defendant filed a motion for summary judgment, based upon her assertion that the right-of-way claimed by the plaintiffs no longer existed. Plaintiffs filed their own cross motion for partial summary judgment on July 12, 2002. Both motions were argued on August 2, 2002. Based upon the record presented, the court finds that there are no contested issues of material fact concerning the continuing existence of the right-of-way, and that defendant is entitled to summary judgment on the Complaint and on her counterclaim.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Sebra owns a parcel of land located on the Bowdoinham Road in Lisbon, Maine. Plaintiffs Thomas and Bobbie Wentworth[1] own a parcel of land located behind defendant's land. The Wentworth's parcel, which does not abut a public road, was originally described in a September 14, 1917 deed from Fred Small to U.G. Harding, and recorded in the Androscoggin County Registry of Deeds at Book 276, page 259. That deed created a right-of-way from the Wentworth parcel to the Bowdoinham Road, and the language used by the drafter has resulted in this litigation. The deed does not describe the location, width, or scope of use for the right-of-way. It contains only the following language:

> Said U.G. Harding and assigns to have right of way across land belonging to the grantor lying Northerly of said Potter brook to the Main road.

Because this deed was drafted in 1917, it must be reviewed under common law principles. At common law, it was an "unyielding rule" that the technical word "heirs" had to be used to create an interest of perpetual duration. *Gilder v. Mitchell*, 668 A.2d 879, 881 (Me. 1995). That word was omitted in the drafting of this easement. Defendant has argued that its omission is fatal; plaintiffs assert that the Law Court has consistently ignored the technical rule when the intention of the parties to create a perpetual interest is clear. In support of this assertion, the plaintiffs have cited *Hall v. Hall*, 76 A. 705 (Me. 1910), and *O'Neill v. Williams*, 537 A.2d 322, 324 (Me. 1987).

As recently as May of 2001, the Law Court expressed its intention to apply the unyielding rule to deeds drafted before the 1967 adoption of the Short Form Deeds Act unless there is clear evidence of the parties' intent to make the easement permanent:

---

[1]      Earle Hildreth sold this parcel to the Wentworths, and warranted the title.

Moreover, we have consistently stated that the technical terms will only be disregarded if the intent of the parties is clearly discernable from the facts of a given case or from the deed.

*Stickney v. City of Saco*, 2001 ME 69, ¶ 37, 770 A.2d 592, 606. The Court went on to explain that it had found such intent when a technical application would have impaired the value of the grantor's retained property. *O'Neill v. Williams*, 527 A.2d 322 (Me. 1987). In this case, by contrast, the impaired parcel is the grantee's.

At other places in the deed, the term "heirs and assigns" has been used. The drafter's failure to use that phrase in describing the right-of-way can only suggest that the right-of-way was not intended to be permanent.

Motions for summary judgment have been addressed in many cases, including *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶¶ 5 & 9, 711 A.2d 842, 844-45. There, the Law Court stated:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *See Petillo v. City of Portland*, 657 A.2d 325, 326 (Me. 1995). In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. *See Gerber v. Peters*, 584 A.2d 605, 607 (Me. 1990) (citing Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp. 1981).

In this case, there are no contested issues of fact affecting the duration of the easement. Neither party has challenged the accuracy of the deed, and the statements of material fact submitted by the plaintiffs do not contain any information that might suggest that the original parties' intent differed from the result created by the language.

Finally, plaintiffs have suggested that the Law Court's decision in *O'Donovan v. McIntosh*, 1999 ME 71, 728 A.2d 681 supports their position. In *O'Donovan*, however, the Court explained only that an easement in gross would be assignable if that had been

3

the intention of the parties to the original deed. The issue here is not whether the easement would be assignable, but rather whether it is perpetual.

Based upon the record presented, the court finds that there are no disputed issues of material fact. The right-of-way contained in the Small deed expired when U.G. Harding died. The defendant is entitled to judgment on the plaintiffs' claim, and on her counterclaim.

## ORDER

Defendant's motion for summary judgment granted. Plaintiffs' cross-motion for summary judgment denied.

This Order is to be incorporated into the docket by reference, in accordance with M.R. Civ.P. 79(a).

DATED: *19 August 2002*

Ellen A. Gorman
Justice, Maine Superior Court

RECEIVED & FILED

AUG 19 2002

ANDROSCOGGIN
SUPERIOR COURT

4

THOMAS J. WENTWORTH  - PLAINTIFF

Attorney for: THOMAS J. WENTWORTH
STEPHEN BEALE
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


BOBBIE J. WENTWORTH  - PLAINTIFF

Attorney for: BOBBIE J. WENTWORTH
STEPHEN BEALE
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


EARLE C. HILDRETH JR - PLAINTIFF

Attorney for: EARLE C. HILDRETH JR
STEPHEN BEALE
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


VS
EARLEEN SEBRA  - DEFENDANT
189 BOWDOINHAM ROAD
LISBON FALLS ME 04252
Attorney for: EARLEEN SEBRA
RICHARD GOLDEN
CLIFFORD & GOLDEN PA
5 MAPLE STREET
PO BOX 368
LISBON FALLS ME 04252


SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-RE-2001-00035


**DOCKET RECORD**

Filing Document: COMPLAINT                       Minor Case Type: EASEMENTS
Filing Date: 10/26/2001

## Docket Events:

10/26/2001 FILING DOCUMENT - COMPLAINT FILED ON 10/26/2001
           WITH ATTACHED EHIBIT A.

10/26/2001 Party(s):  THOMAS J. WENTWORTH
           ATTORNEY - RETAINED ENTERED ON 10/26/2001
           Defendant's Attorney: STEPHEN BEALE

10/26/2001 Party(s):  BOBBIE J. WENTWORTH
           ATTORNEY - RETAINED ENTERED ON 10/26/2001
           Defendant's Attorney: STEPHEN BEALE

10/26/2001 Party(s):  EARLE C. HILDRETH JR