STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         DOCKET NO. RE-09-201
                                                        JAW   -CUM-2/25/2010


GREGG W. ISHERWOOD AND
DONNA ISHERWOOD,

      Plaintiff
                                                        ORDER
v.

CITY OF PORTLAND, MAINE,

      Defendant.


## DECISION AND ORDER

This matter comes before the court on Plaintiffs', Gregg and Donna Isherwood

("Isherwoods"), motion for preliminary injunction pursuant to Rule 65(b), as well as

Defendant's, City of Portland ("City"), motion to dismiss pursuant to Rule 12(b)(6). The

court denies both motions as discussed below.

### BACKGROUND AND PROCEDURAL HISTORY

The majority of facts involved in this case are undisputed. In or about July 1999,

the Portland Planning Board approved a plan for a new subdivision known as Auburn

Pines to be developed by Neptune Properties. The plan for the subdivision included a

detention pond with a drainage easement in favor of the city of Portland over a portion of

lots 15 and 16. The detention pond is a basin-like structure that captures the drainage

from over 10 acres of adjacent properties and streets. The basin is drained by a

perforated pipe at its bottom and is designed to go dry approximately 72 hours after a

storm event.

1

In 2005, the Isherwoods complained to the City that the detention pond was not being maintained properly. In response, the City requested that the Isherwoods sign an easement deed establishing the City's right to access and repair the detention pond. The easement was executed and the City performed maintenance on the pond. By 2007 the City had stopped performing any regular maintenance on the pond.

The Isherwoods complained to the City for refusing to perform maintenance. The Isherwoods contend that because the City failed to maintain the pond, it is now clogged and will not drain, causing insect and rodent infestations as well as a general eyesore on their property.

The City, however, contends it has no responsibility to maintain the detention pond. The City alleges that it entered into a Drainage Maintenance Agreement ("Agreement")[1] with Neptune prior to the approval of the Auburn Pines subdivision, and that the Agreement governs the repair responsibilities for the pond—demonstrating that the property owners are responsible. The City also contends that it had no obligation to aid in the pond repairs in 2005, nor does it now. The Isherwoods argue that the Drainage Agreement was never recorded with the registry and is therefore not valid against them

---

[1] The Agreement states that Neptune would:
> [A]t its own cost and expense and at all times in perpetuity, maintain in good repair and in proper working order under the surface water drainage system as shown on said plan . . . for the benefit of the said City of Portland, all persons in lawful possession of said premises and abutters thereto; further, that the said City of Portland . . . may enforce this Agreement by an action at law or in equity. . .; further, that after giving the OWNER written notice and a reasonable time to perform, the said City of Portland may . . . enter upon said premises or any portion thereof for the purpose of performing the aforementioned maintenance of said surface water drainage system in the event of any failure or neglect thereof, the cost and expense thereof to be reimbursed in full to the said City of Portland by OWNER upon demand.
> . . .
> This Agreement shall bind the undersigned only so long as it retains any interest in said premises, and shall run with the land and be binding upon its successors and assigns as their interest may from time to time appear.

2

since they were never given any notice of it. In support of their argument they point to the Easement Deed requested by the city in 2005, and argue that since it does not reference the Agreement but instead gives the City a right to maintain the pond the City is responsible for the pond's repairs.

The Isherwoods filed a complaint in this court on November 2, 2009 alleging: declaratory judgment, duty to maintain the detention pond (Count I); violation of duty to maintain and keep in repairs ditches, drains, and culverts pursuant to 23 M.R.S.A. § 3251 (Count II); statutory nuisance according to 17 M.R.S.A. § 2701 (Count III). On that same day the Plaintiffs also filed a motion for preliminary injunction, requesting relief in the form of mandating that the city maintain the detention pond. On November 25, 2009, the City filed a motion to dismiss which included an objection to the motion for preliminary injunction. The Plaintiffs filed an objection to the motion to dismiss and reply in support of the motion for preliminary injunction on November 30, 2009. The City filed a reply to the objection to their motion to dismiss on December 7, 2009.

## DISCUSSION

I.     Motion to Dismiss

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. Southern Aroostook Comm. Sch. Dist.,* 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole,* 637 A.2d 463, 465 (Me. 1994)). In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint," and a claim will be dismissed only "when it appears beyond a doubt that the

3

plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832 (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246). This is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679.

As a preliminary issue, the court must determine whether it should consider the additional documents attached to the City's motion to dismiss in ruling on the motion. The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss. *Moody v. State Liquor and Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43, 47. However, a narrow exception allows the court to consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Id.* at ¶¶ 9-10. These documents then merge into the pleadings. *Id.* The Law Court has stated, "the purpose for this exception is that if courts could not consider these documents, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'" *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

In this case, the Defendant presents two exhibits not attached to the Plaintiffs' complaint-the Drainage Agreement and the Isherwood Deed. *See* Def's. Exs. A, B. Neither of these documents is a certified copy or authenticated. Nevertheless, the Plaintiffs have not questioned the authenticity of these documents. For efficiency and judicial economy the Court assumes, without deciding, the authenticity of these documents in considering the substance of Defendant's motion.

## A. The Drainage Maintenance Agreement

The Defendant argues that the Agreement between it and Neptune Properties clarifies who is responsible for maintaining the detention pond. However, the Agreement was never recorded in the registry and Plaintiffs claim they are not bound by its terms, as they were never given notice of it prior to purchasing the subject property. *See* 33 M.R.S.A. § 201.[2] The Defendant contends that, despite the Agreement being unrecorded, the Plaintiffs are still bound by it as they had implied/constructive notice of its terms.

To determine whether an unrecorded easement[3] is valid against a landowner the facts of the case must be assessed to determine whether the landowner had actual or implied actual notice. *See Gagner v. Kittery Water District*, 385 A.2d 206, 207 (Me. 1978); *see also Shackford & Gooch, Inc. v. B & B Coastal Enterprises, Inc.*, 479 A.2d 1312 (Me. 1984) (finding that where defendant had actual notice of plaintiff's right-of-way defendant's argument that the right-of-way was invalid because it was not recorded until after the recording of a subsequent installment sale contract had no merit). As such, the court concludes that further discovery must occur prior to determining whether the Plaintiffs had notice of the Agreement.

## B. Duty to Maintain the Pond Under 23 M.R.S.A. § 3251

The Defendant also argues that the Plaintiff's claim for maintenance under 23 M.R.S.A. § 3251 must be dismissed because Neptune properties, a private entity, not the City constructed the detention pond.

Section 3251 states:

The municipal officers of a town may at the expense of the town construct

---

[2] Plaintiffs also contend that they were not parties to the agreement; therefore, they are not bound by the contract.

[3] Assuming *arguendo* that the agreement is an easement.

5

ditches, drains and culverts to carry water away from any highway or road therein, and over or through any lands of persons or corporations, when they deem it necessary for public convenience or for the proper care of such highway or road, provided no such ditch, drain or culvert shall pass under or within 20 feet of any dwelling house without the consent of the owner thereof. . . If such town does not maintain and keep in repair such ditches, drains and culverts, the owner or occupant of the lands through or over which they pass may have his action against the town for damages thereby sustained.

The court concludes, when viewing the facts in a light most favorable to the Plaintiffs as it must as this stage in the proceedings, that the Plaintiffs have adequately plead a claim for maintenance under 23 M.R.S.A. § 3251. The Plaintiffs have plead that the drainage system is a public one that serves the streets in the neighborhood that are City owned. The Plaintiffs have also plead that the City undertook the task of repairing the detention system in 2005 that involved the system's reconstruction. The Plaintiffs have also plead that the City maintained the system until 2007. The court concludes that this is adequate to sustain a claim under 23 M.R.S.A. § 3251.[4]

### C. Maine Torts Claim Act

The Defendant also argues that the Plaintiffs' claim for nuisance pursuant to 17 M.R.S.A. § 2701[5] should be dismissed as it is barred by 14 M.R.S.A. § 8103.[6] The court agrees.

---

[4] The court makes no conclusive determination at this juncture whether the repairs by the City rise to the level of reconstruction or were truly just repairs. Further discovery is needed to make this determination. An argument is also made that the Neptune Properties build this drainage system for the benefit of the City; hence, the City constructed the drainage system.

[5] 17 M.R.S.A. § 2701 states:

> Any person injured in his comfort, property or the enjoyment of his estate by a common and public or a private nuisance may maintain against the offender a civil action for his damages, unless otherwise specially provided.

[6] 14 M.R.S.A. § 8103 states:

> 1. IMMUNITY. Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

The Law Court has expressly held that a governmental entity is "immune from liability for damages for trespass and nuisance under the Maine Tort Claims Act." *Whalen v. Town of Livermore*, 588 A.2d 319, 322 (Me. 1991). As such the Defendant's motion to dismiss count III of the complaint as it relates to damages is GRANTED.

Although the Plaintiffs' claims for nuisance damages are barred by 14 M.R.S.A. § 8103(1), that section expressly applies only to "tort claims seeking recovery of damages." Count III of the Complaint seeks damages and an abatement of an alleged nuisance through an injunction. The court concludes that the injunction and abatement request is not barred by the express terms of the Maine Tort Claims Act. Although *Whalen* suggests that an action for abatement may nevertheless be barred as an action for damages, it does not appear that the injunctive relief issue was specifically addressed, and other cases appear to establish that prospective injunctive relief against governmental entities is not barred by sovereign immunity. See *Whalen*, 588 A. 2d at 322; *see also Moody v. Commissioner, DHS*, 661 A. 2d 156, 158-59 (Me. 1995); *Wellman v. Department of Human Services*, 574 A. 2d 879, 884 n. 11 (Me. 1990).

II.     Preliminary Injunction.

The Plaintiffs have moved for a preliminary injunction to require that the City maintain the detention pond.

For preliminary injunctive relief to be granted per M.R. Civ. P. 65(b)(1), the moving must demonstrate: (1) that it will suffer irreparable harm without an injunction, (2) that any harm to the opposing party if an injunction is granted is outweighed by the harm to the movant if an injunction is not granted, (3) a likelihood of success on the merits, and (4) that the public interest will not be adversely affected by such relief.

7

*Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982) (citations omitted). If the movant cannot meet all four criteria, an injunction will not be granted. *Bangor Historic Track, Inc. v. Dept. of Agriculture, Food, and Rural Resources*, 2003 ME 140, ¶ 10, 837 A.2d 129, 132-133.

The court finds, in light of the aforementioned discussion regarding the remaining questions as to whose duty it is to maintain and repair the detention pond, the Plaintiffs have not demonstrated a probable or substantial likelihood of success on the merits to warrant the issuance of a preliminary injunction. Because Plaintiffs have not satisfied this essential element for a preliminary injunction, their motion must be denied and the court need not address the remaining elements for injunctive relief.

## CONCLUSION

The Plaintiff's motion for preliminary injunction is DENIED. The Defendant's motion to dismiss is DENIED in part and GRANTED in part.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: February 26, 2010

Joyce A. Wheeler, Justice

8

F COURTS
and County
Box 287
ne 04112-0287

SIGMUND SCHUTZ ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546

DF COURTS
land County
Box 287
aine 04112-0287

DANIELL WEST-CHUTA ESQ
389 CONGRESS ST
PORTLAND ME 04101