Ruth F. Brown et als. *vs.* Charles O. Dickey.

Waldo.  Opinion October 19, 1909.

*Easements.  Deeds.  Lease in Perpetuam.  Words of Inheritance.  Dedication.
Plan.  Evidence.*

An easement is created by (1) express or implied grant, (2) reservation or exception in the deed of conveyance, (3) prescription, (4) statutory proceedings, (5) estoppel.

An implied grant of an easement in favor of a grantee arises from circumstances where at the time of the conveyance the grantor was the owner of land constituting both the dominant and servient estates.

Two classes of easements are recognized, one called quasi easements which are existing conditions in the land retained the continuance of which would be so clearly beneficial to the land conveyed that they would be presumed to be intended.  These easements must be such as are apparent in the sense of being indicated by objects which are necessarily seen or would be ordinarily observable by persons familiar with the premises.

The other class of easements by implied grant is where the grantor's conveyance describing the land as bounded by a street, passage-way or an existing park which at the time belonged to the grantor has the effect of vesting an easement of right of way or of light and air in the grantee by estoppel.

It is a well settled rule of the common law of Maine and Massachusetts that a written instrument without a seal is not a deed and cannot convey land in fee.

The word "heirs" is essential in a deed of conveyance to create an estate in fee.

Dedication is the intended appropriation of land by the owner for some proper public use, reserving to himself no rights inconsistent with the full exercise and enjoyment of such use.

*Held:*  That certain vacant lots as marked on the plan of a park system did not imply dedication.

Where the plaintiffs claimed that a certain vacant lot had been dedicated to the use of the public, *held* that the plaintiffs had failed to sustain the burden of proof resting upon them to show by acts and declarations of the owner a clear and unequivocal intention to so dedicate the vacant lot.

Where the plaintiffs who were the widow and heirs of one J. Warren Brown, deceased intestate, brought an action to recover damages by reason of the erection of a building by the defendant on a vacant lot of land adjacent to the land and dwelling house thereon possessed by the plaintiffs, and in

which said vacant lot the plaintiffs claimed an easement for its free and unobstructed use in connection with their house and land "for the purpose of light, air, view, passing over the same," etc., and it appeared that the plaintiffs as widow and heirs of said J. Warren Brown were holding the land occupied by them under a lease in perpetuam, not under seal, given to said J. Warren Brown and "his successors or assigns," and which contained no words of inheritance, *held* (1) that no estate of inheritance was conveyed to said J. Warren Brown by the lease; (2) that the plaintiffs as widow and heirs of said J. Warren Brown had no title under the lease to the land occupied by them, and therefore had no right of action for the obstruction of any easements in land servient thereto.

On report.   Judgment for defendant.

Action on the case to recover damages for the obstruction of an alleged easement claimed by the plaintiffs.   Plea, the general issue. After the evidence had been taken out at the trial the case was reported to the Law Court for decision, damages to be assessed at $10.00 if judgment was for the plaintiffs.

The case is stated in the opinion.

*Dunton & Morse,* for plaintiffs.

*Mayo & Snare,* for defendant.

SITTING :   WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

PEABODY, J.   This is an action on the case brought by the plaintiffs to recover damages by reason of the erection by the defendant of a building on the lot of land in Northport, Maine, fifteen feet in width and sixty feet in length, adjacent to and northerly of a lot of land and dwelling house thereon, possessed by the plaintiffs, in which lot the plaintiffs allege they have an easement for its free and unobstructed use in connection with their house and lot "for the purpose of light, air, view, passing over the same, preventing the erection of other buildings within fifteen feet at least of their house aforesaid, and for any other purpose or purposes which might enhance the value of their said house and lot and render it more desirable and enjoyable as a summer home."

The case is on report.

The plaintiffs are the widow and heirs of J. Warren Brown, who died intestate in 1892, through whom their title is derived.

On April 10, 1882, Hiram Ruggles, as Treasurer of the Northport Wesleyan Grove Campmeeting Association, gave to said J. Warren Brown, his successors or assigns, a lease in perpetuam of lot No. 303 as per the plan of land of the Association made by R. B. Miller, surveyor, bounded as follows:

"Beginning on the easterly side of 'Bay View Park' at the corner of the vacant lot, thence southerly on 'Bay View Park' twenty-five feet to a vacant lot, thence easterly on said vacant lot 60 feet, more or less, to land of Frank Knowlton, thence northerly by said Knowlton's land twenty-five feet to a vacant lot, thence westerly by said vacant lot, sixty feet, more or less, to the place of beginning. Intending hereby to convey to said Brown, lot No. 303 as per plan of said R. B. Miller."

This lease was not under seal and was not recorded.

The plan was of a parcel of land purchased by the Association for an addition to its campground, on which was delineated a tier of lots containing the strip of land in controversy in this case, consisting of lots alternately twenty-five and fifteen feet in width by sixty feet in length, and marked on said plan the twenty-five foot lots by numbers and the fifteen foot lots by the size "15 x 60" respectively, and a park marked "Bay View Park" on which the lots fronted.

The defendant admits the erection of the building on a portion of the fifteen foot lot adjacent to lot No. 303, but claims that he has title thereto in fee under a warranty deed of Isaac H. W. Wharff dated July 19, 1906, whose title was under a warranty deed of the Northport Wesleyan Grove Campmeeting Association, dated September 14, 1904, said land being described in said deed as follows:

"Beginning at northerly corner of lot 302, thence westerly on line of Park forty (40) ft. to lot 303; thence on line of lot 303 southerly sixty (60) feet more or less to land of one Knowlton, thence easterly on said Knowlton's line forty (40) ft. to easterly corner of lot 302; thence northerly on easterly line of lot 302 sixty (60) ft. to place of beginning."

These deeds were duly recorded.

The lot on which the defendant erected the structure is mentioned in the lease to J. Warren Brown only as a boundary of the demised

lot, but the plaintiffs rely upon the legal status of the fifteen foot strips of land in reference to the holders of the twenty-five foot lots who acquired title after the Northport Wesleyan Grove Campmeeting Association had plotted land, showing upon a plan the small lots marked thereon "15 x 60," designated in the leases "vacant lots" and mentioned in the records of the Campmeeting Association as "spaces," and they claim that they have an easement in this lot as appurtenant to lot No. 303.

There is undisputed evidence if admissible showing that the treasurer of the Association told the agent of J. Warren Brown when the lease was negotiated that the fifteen foot spaces were reserved for the purpose of giving the lessees and occupants of the twenty-five foot lots the benefits of light, air, passage to the rear of their buildings. This statement could be of no avail to the plaintiffs against the defendant if he was an innocent purchaser of the land in question without notice of any arrangement enlarging their rights beyond the ordinary meaning of the language describing the demised premises. The defendant testifies that he had no knowledge of such an arrangement when he purchased the land in question, but his familiarity with the affairs of the Association for sixteen years, the tenor of his letters and his reticence when charged affirmatively and interrogatively with acting as agent of the Association to test its right to sell the fifteen foot lots adjacent to lots leased for residences, raise such a doubt of his being, in a legal sense, an innocent purchaser, as to make him chargeable with notice.

We shall therefore consider the defendant's title such as the Association had when it gave its warranty deed to his grantor, and determine in view of the law and facts whether he has interferred with the exercise of the easements claimed by the plaintiffs, and whether they have such easements under the lease to J. Warren Brown.

An easement is created by (1) express or implied grant, (2) reservation or exception in the deed of conveyance, (3) prescription, (4) statutory proceedings, (5) estoppel. 1 Tiffany Mod. Law of Real Property, sec. 315; Tiedman on Real Property, secs. 599, 600, 601; *Cook* v. *Stearns,* 11 Mass. 533.

We may eliminate from the controversy any easement created by express grant, as the description in the lease of the supposed dominant estate limits by fixed and definite metes and bounds the demised premises to the land so described, *Carville* v. *Hutchins*, 73 Maine, 227, easements by reservation and exception, which are created only in favor of grantors, easements by prescription, because the plaintiffs' predecessor in occupancy held the land under a lease from the Northport Wesleyan Grove Campmeeting Association and there has been no repudiation of the tenancy. *Binney* v. *Chapman*, 5 Pick. 124; *Towne* v. *Butterfield*, 97 Mass. 105; *Hudson* v. *Coe*, 79 Maine, 83; Jones Landlord and Tenant, sec. 696, also any easement by force of statutory proceedings in the lot in controversy.

The real questions in issue, therefore, are, whether J. Warren Brown by his lease of lot No. 303 acquired any proprietory rights in the adjacent lot by (1) implied grant or (2) by estoppel against the Association and its successors in title, and (3) whether the plaintiffs acquired any title under the perpetual lease given to J. Warren Brown as his widow and heirs.

An implied grant of an easement in favor of a grantee arises from circumstances where at the time of the conveyance the grantor was the owner of land constituting both the dominant and servient estates. Two classes are recognized, one called quasi easements which are existing conditions in the land retained the continuance of which would be so clearly beneficial to the land conveyed that they would be presumed to be intended. These easements must be such as are apparent in the sense of being indicated by objects which are necessarily seen or would be ordinarily observable by persons familiar with the premises. No such conditions affecting the lot in question were apparent when the lease of lot No. 303 was given to J. Warren Brown, nor was any easement by necessity implied from the conditions and mode of the use of the land. 1 Tiffany Mod. Law of Real Property, sec. 317. The other class of easements by implied grant is where the grantor's conveyance describing the land as bounded by a street, passageway or an existing park which at the time belonged to the grantor has

the effect of vesting an easement of right of way or of light and air in the grantee by estoppel. *Cole* v. *Hadley*, 162 Mass. 579; *Fox* v. *Union Sugar Refinery*, 109 Mass. 292; *Dorman* v. *Bates Mfg. Company*, 82 Maine, 438; *Bartlett* v. *Bangor House*, 67 Maine, 460. But in this case the intention of the parties to impose on the adjacent fifteen foot lot the burden claimed by the plaintiffs is not shown by the description in the lease nor by any marks upon the plan, and the language being definite and not ambiguous cannot be modified by parol evidence. *Carville* v. *Hutchins*, supra; *Winthrop* v. *Fairbanks*, 41 Maine, 307; 8 Ency. of Evidence 50; *Stevens* v. *Haskell*, 70 Maine, 202; 1 Greenleaf on Evidence, 275.

But the plaintiffs seem to rely upon the contention that the Northport Wesleyan Grove Campmeeting Association dedicated to the public not only Bay View Park but the several lots marked on their plan "15 x 60."

In *Campmeeting Association* v. *Andrews*, 104 Maine, 342, dedication is defined as the intended appropriation of land by the owner for some proper public use, reserving to himself no rights inconsistent with the full exercise and enjoyment of such use. By the decision of that case the lot of land in Northport known as Bay View Park, which is the same so·designated on the plan referred to in the lease to J. Warren Brown, has been adjudicated as dedicated by the Northport Wesleyan Grove Campmeeting Association to the public as a park; and the plaintiffs claim that the vacant lots marked on the plan "15 x 60" were by the same acts of the Association, according to the same rule of law as applied to the Park, dedicated to the public to use for the purposes alleged in their writ, and that they, being the occupants of an adjoining lot upon which their dwelling house stands, have suffered special damages by the defendant's acts. But we think that the acts of the Association which were held to prove a dedication of the Park, are distinguishable from any which apply to the vacant lots. The vacant lots as marked upon the plan do not imply dedication. *Chicago* v. *Drexdell*, 141 Ill. 87. The use of these lots is not adapted to any public purpose; the obstruction of them would not work hurt,

inconvenience or damage to the public, and they are no part of the park system, but are reservations available to the Association to utilize under its general supervision of the occupancy of summer residents, or to sell absolutely or under desirable restrictions to the owners or lessees of adjacent lots. The plaintiffs have not sustained the burden of proof which rests upon them to show by acts and declarations of the owner a clear and unequivocal inattention to dedicate these lots to the use of the public. *White* v. *Bradley*, 66 Maine, 254; *Bangor House* v. *Brown*, 33 Maine, 309; *Hogue* v. *Albina*, 10 L. R. A. 673.

The plaintiffs' predecessor in occupancy saw and appreciated the relation of the locus, then vacant, to his lot and he could have negotiated and acquired under his lease the rights for which the plaintiffs contend, but he depended upon the individual representations of an officer of the Association as to what was the purpose of the vacant lots when the land was plotted and delineated upon a plan. It does not appear that these representations were authorized by the Association, and so were ineffectual. *Peirce* v. *Morse-Oliver Co.*, 94 Maine, 406; *Stratton* v. *Todd*, 82 Maine, 149.

But the defendant further contends that the plaintiffs have no title to the lot of land demised under the lease in perpetuam to J. Warren Brown, because, (1) the instrument was not under seal, and because, (2) it did not run to the heirs of the lessee.

It is a well settled rule of the common law of Maine and Massachusetts that a written instrument without a seal is not a deed and cannot convey land in fee. *Manning* v. *Laboree*, 33 Maine, 343; *McLaughlin* v. *Randall*, 66 Maine, 226; *Copper Mining, etc., Co.* v. *Franks*, 85 Maine, 321.

In *Buffum* v. *Hutchinson*, 1 Allen, 58, it was held that "The word 'heirs' is essential in a deed of conveyance to create an estate in fee; and if a man purchased land to himself forever or to him and his assigns forever, he takes only an estate for life," citing 4 Kent Com. 6. The same rule is stated in *Sedgwick* v. *Laflin et al.*, 10 Allen, 430, also in Tiedman on Real Property, sec. 37. This second point of defense seems literally to be sustained in 2 Taylor's Landlord and Tenant, 9th ed. 463, "The heir of a lessee can, as such,

have no claim to the demised premises, unless the lease be dependent upon the life of another and shall have been granted to the lessee and his heirs." No estate of inheritance having been conveyed to J. Warren Brown by the lease, the plaintiffs as the widow and heirs have no title under it to lot No. 303, and therefore have no right of action for the obstruction of any easements in land servient thereto. They are at most tenants at sufferance and cannot maintain the action against the defendant who holds title through their landlord, the Campmeeting Association. *Esty* v. *Baker*, 50 Maine, 325; Taylor's Landlord and Tenant, 774.

*Judgment for defendant.*