Salvatore AUCELLA

v.

**TOWN OF WINSLOW.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1990.
Decided Dec. 11, 1990.

John E. Nale (orally) Nale & Nale, Waterville, for plaintiff.

Peter M. Beckerman (orally), Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Salvatore Aucella appeals the summary judgment entered in favor of the defendant Town of Winslow in the Superior Court (Kennebec County, *Chandler, J.*). We agree with Aucella's contention that there is a genuine issue of material fact as to whether the Town impermissibly discriminated against Aucella because of his non-resident status in refusing to allow him to pay his real estate tax arrearage and reacquire title to his Winslow land. Accordingly, we vacate the summary judgment.

Aucella is a resident of Revere, Massachusetts. He failed to pay the taxes assessed by the Town for the tax year July 1, 1984 to June 30, 1985 against his Winslow property, and the Town filed a tax lien. Although Aucella paid $600 which the Town received and accepted, the balance of $13.32 was not paid during the redemption period and the tax lien was automatically foreclosed. Subsequent to the foreclosure, Aucella tendered the $13.32 balance due and requested that the Town convey the

property to him. The Town, however, refused to do so.

Aucella challenged the foreclosure proceeding in Superior Court. In *Aucella v. Town of Winslow,* 564 A.2d 68 (Me.1989), we vacated the Superior Court's judgment declaring that the tax lien, because of an insufficient description, ineffectively foreclosed ownership of Aucella's property.[1] Although we found the lien and the foreclosure to be valid, we remanded to allow Aucella to amend his complaint for the limited purpose of requesting relief based on his allegation of denial of equal protection of the law. *Aucella,* 564 A.2d at 70.[2]

In his amended complaint, filed upon remand, Aucella alleged that the Town, by refusing to accept payment of the balance due on his unpaid taxes, and by refusing to convey the tax-acquired land back to him, impermissibly denied him equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 6–A of the Maine Constitution. Aucella also sought relief under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983. To support his claim of denial of equal protection, Aucella alleges that the Town's refusal to convey Aucella's tax-acquired property back to him was the only instance when the Town failed to follow its practice of reconveying tax-acquired real estate to a taxpayer who tendered back taxes.[3] The Superior Court granted the Town's motion for summary judgment[4] and this appeal by Aucella followed.

We have repeatedly emphasized that summary judgment is an extreme remedy that should be cautiously invoked only when the facts so conclusively preclude a party's recovery that judgment in favor of the other party is the only possible result. *Utica Mut. Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* 468 A.2d 315, 317 (Me. 1983); *Wallingford v. Butcher,* 413 A.2d 162, 165 (Me.1980).

Arbitrary discrimination between residents and nonresidents of a state or municipality may violate the constitutional guarantee of equal protection of the laws. *Opinion of the Justices,* 255 A.2d 652, 654–55 (Me.1969); *State v. Mitchell,* 97 Me. 66, 75, 53 A. 887, 890 (1902). The constitutional prohibition against denial of equal protection of the law to any person is implicated when action by the state results in treatment of a person different than the treatment given similarly situated individuals. *Wellman v. Department of Human Services,* 574 A.2d 879, 883 (Me.1990). Unequal application of a law to those who are entitled to be treated alike is not a denial of equal protection unless there is shown to be an element of intentional or purposeful discrimination. *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944). Discriminatory intent or purpose "may appear on the face of the action taken with respect to a particular class or person, or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action

1. In that same case, we made clear that the interest due on delinquent taxes was lienable. *Aucella v. Town of Winslow,* 564 A.2d 68, 69–70 (Me.1989).

2. In his amended complaint, Aucella requested that the court order the Town to reconvey the property to him.

3. The practice of the Town, according to Aucella, differed from its written policy governing the reconveyance of tax-acquired property. He also attacks that written policy contending that Town Resolution No. 30–1974 is void on its face because it is unconstitutionally vague. The Resolution provided in ¶ VIII that it was the policy of the Town to have the treasurer, "upon evidence and contingent upon payment of all amounts due the Town ... issue a quit claim

deed to the property owner" when "tax liens are not paid on time due to *administrative detail,* such as departmental error or mix-up and/or when a lien is not valid because of some legal insufficiency ... or other valid reasons other than just non-payment...." On its face, the Resolution spells out its policies in sufficient detail to enable those persons to whom the Resolution applies to reasonably determine their rights under the Resolution, so that the determination of those rights will not be left to "the purely arbitrary discretion" of the treasurer. *Stucki v. Plavin,* 291 A.2d 508, 510 (Me. 1972).

4. Aucella also filed a motion for summary judgment which was denied by implication when the court granted summary judgment for the Town.

itself." *Id.* (citations omitted). Thus, an invidious intent to discriminate may be inferred from the totality of relevant facts. *Washington v. Davis*, 426 U.S. 229, 241–42, 96 S.Ct. 2040, 2048–49, 48 L.Ed.2d 597 (1976).

█ Aucella must rely on such an inferred intent to meet his difficult burden of demonstrating that the Town's refusal to reconvey the property to him was purposefully based upon his nonresident status. In opposition to the motion for summary judgment, Aucella presented affidavit evidence that the Town regularly offered delinquent taxpayers the opportunity to regain their tax-acquired property by paying all amounts due, without regard for the reasons the property had been tax-acquired. Affidavits summarizing a search of the Town's tax records indicate that on more than eighty occasions the Town relinquished title of tax-acquired property after payment by the taxpayer of all amounts due. The affidavits of the Town do not contradict Aucella's assertion that prior to Aucella, the Town had never refused to convey tax-acquired property back to a taxpayer who offered to pay all amounts due. Aucella's affidavits further allege that in some instances, the Town relinquished title to tax-acquired property after accepting post-foreclosure payments of thousands of dollars in contrast to the payment of $13.32 that the Town refused to accept from Aucella.

The Town denies any intent to discriminate, contending that it had a perfect right to refuse to accept the tender of Aucella's arrearage and reconvey the property. In support of this contention, the Town asserts that its purpose in refusing Aucella's tender was its need for the tax-acquired industrially zoned land. Although such a nondiscriminatory purpose is relevant to and could be dispositive on the issue of intent, Aucella's affidavits generate a sufficient issue of material fact as to the intent of the Town to preclude the granting of summary judgment.

The entry is:

Judgment vacated.

All concurring.