**Lloyd D. and Carlene ROBINSON,**

v.

**MAINE CENTRAL RAILROAD COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 5, 1993.

Decided April 7, 1993.

William N. Palmer, Gray & Palmer, Bangor, for plaintiff.

David C. Webb, Glen L. Porter, Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Maine Central Railroad Company (Maine Central) appeals from a summary judgment entered in the Superior Court (Penobscot County, *Chandler, J.*) in favor of Lloyd D. and Carlene Robinson declaring that they were entitled to an implied easement across a portion of Maine Central's tracks. On appeal, Maine Central contends that the Superior Court erred because there exists disputed issues of fact which should have precluded the issuance of a summary judgment. Maine Central further asserts that it is entitled to a summary judgment in its favor because the Robinsons have not alleged facts which, even if proven, entitle them to any form of easement over Maine Central's property. We affirm the judgment.

The Superior Court found the following facts: On December 5, 1850, William Hewes, by deed, granted to Maine Central's predecessor (the Penobscot and Kennebec Railroad Company) a strip of land bisecting Hewes's property into two sections: one section north of Maine Central's strip bordered on the north by Newburgh Road and another south of the strip bordered on the south by Hermon Pond. The two sections were bordered on the east and west by other owners. The deed did not specifically reserve a right of way across the land conveyed to Maine Central's predecessor. Since 1850, however, Hewes and his successors in title, up to and including the Robinsons, have gained access to the southerly portion of Hewes' property by using a 25–foot wide road crossing Maine Central's strip of land. Maine Central's records dating back to 1916 document the location of the road and where it crosses its railroad tracks.

The Robinsons brought the present action seeking a declaratory judgment that they owned a right of way over Maine Central's strip of land to maintain access to the southerly portion of their property. Based on the affidavits of Lorena R. Rush, the admissions of the parties and a state-

ment of undisputed facts, Maine Central moved for a summary judgment in its favor. The Superior Court, after a hearing, concluded that "this is one of those uncommon instances where rendering summary judgment in favor of the nonmoving party is appropriate." The court reasoned that "since [the] plaintiffs have satisfied the elements of an easement by implication, they are entitled to judgment as a matter of law."

"In reviewing an entry of a summary judgment, we examine the evidence before the court in the light most favorable to the party against whom the judgment has been granted to determine if the trial court committed an error of law." *H.E.P. Development Group, Inc. v. Nelson*, 606 A.2d 774, 775 (Me.1992) (citing *F.O. Bailey Co., Inc. v. Ledgewood, Inc.*, 603 A.2d 466, 468 (Me. 1992)).

■ An implied easement may be found "when a common grantor severs real estate, conveying part of it and retaining the balance ... and the circumstances at the time of the . conveyance denote the grantor's intent to subject the retained land (the servient estate) to an easement benefitting the conveyed land (the dominant estate)." *Frederick v. Consolidated Waste Services, Inc.*, 573 A.2d 387, 389 (Me.1990) (citations omitted). Specifically,

[i]n order for such an implied easement to be recognized (1) the "property when in single ownership [must have been] openly used in a manner constituting a 'quasi-easement,'" (defined in *Brown*, 106 Me. [97] at 101, 75 A. 382 [at 384]), as existing conditions on the retained land that are apparent and observable and the retention of which would clearly benefit the land conveyed; (2) the common grantor, who severed unity of title, must have "manifested an intent that the quasi-easement should continue as a true easement," to burden the retained land and to benefit the conveyed land; and (3) the owners of the conveyed land must have continued to use what had been a quasi-easement as a true easement.

*Id.* at 389–90 (citing *Bowers v. Andrews*, 557 A.2d 606, 608 (Me.1989)).

While, in *Frederick*, we dealt with an implied easement that burdened the retained land, implied easements may also be found when the burden is on the conveyed land. *See LeMay v. Anderson*, 397 A.2d 984, 987 (Me.1979). In *LeMay*, we noted:

[a]n easement over conveyed property, although not expressly reserved, may nevertheless be impliedly created in favor of the grantor of the servient estate.... In determining whether the grantor impliedly reserved an easement over the conveyed land, the focus is properly upon the probable intent of the parties. *Tiffany on Real Property*, (3d ed.) § 781; 25 Am.Jur.2d *Easements* § 28. The understanding of the parties to the conveyance giving rise to the implied easement, therefore, is relevant. Also probative of the intent of the parties are the circumstances surrounding the transaction.

*LeMay*, 397 A.2d at 987–88. The present case involves a situation where the burden is on the conveyed land. Finally, in *Bowers v. Andrews*, 557 A.2d 606 (Me.1989), we noted that in determining whether there existed an implied easement, " '[t]he vital question,' as we have consistently recognized, 'is, did the parties intend that the right now claimed ... should be granted?'" *Id.* at 608 (quoting *Watson v. French*, 112 Me. 371, 374, 92 A. 290, 291 (1914)). "We must look to 'all the circumstances of the case' from which that intent may be inferred." *Bowers*, 557 A.2d at 608 (quoting *Watson*, 92 A. at 291).

■ The Superior Court's order granting the Robinsons an implied easement over Maine Central's strip of land is supported by the present record. As to the first element of the *Frederick* test, namely, that the property, when in single ownership, must have been openly used in a manner consistent with a quasi-easement, the trial court was justified in finding that Hewes's only method of access to the southern portion of his property, prior to 1850, was over what is now the Railroad's property. The affidavit of Lorena Rush, presented by Maine Central, states that the initial deed from Hewes to Maine Central's predecessors in interest "resulted in the complete

bisection of the Hewes parcel." It was reasonable, therefore, for the court to conclude that, due to the landlocked nature of Hewes's property, the only access to the southern portion was over what is now Maine Central's strip. Such use satisfies the first element of the *Frederick* test. The second element, that Hewes must have intended that the quasi-easement continue as a true easement after the conveyance may also be inferred from the surrounding circumstances. As just mentioned, Maine Central, through Rush's affidavit, admits that the Hewes conveyance completely bisected his property, leaving the southern portion landlocked. The Superior Court could reasonably have inferred that Hewes intended to reserve a right of way over the conveyed land so as not to render the southern lakefront portion of his farm useless. As to the third element, requiring the easement to continue to be used as a true easement, Maine Central, in its responses to the Robinsons' request for admissions, admitted that it was aware of the existence of the farm crossing, that it had never tried to close the crossing prior to this litigation, and that it never notified the Robinsons, or their predecessors in title, that they could not utilize the farm crossing prior to this litigation. In doing so, Maine Central has, in essence, conceded the third element of the *Frederick* test.

Therefore, having concluded that the Robinsons sufficiently satisfied all the elements necessary to establish an implied easement, we find the Superior Court's grant of a summary judgment to be proper.

The entry is:

Judgment affirmed.

WATHEN, C.J., and GLASSMAN and COLLINS, JJ., concurring.

CLIFFORD, J., with whom ROBERTS, J., joins, dissenting.

Summary judgment is an extreme remedy that should be cautiously invoked. *Aucella v. Town of Winslow*, 583 A.2d 215,

216 (Me.1990). In this case, the Robinsons are entitled to summary judgment only if the facts conclusively preclude judgment for Maine Central Railroad, making judgment in favor of the Robinsons the only possible result. *Id.*

Because the conveyance to the predecessor of Maine Central Railroad did not expressly create an easement, any easement giving the Robinsons the right to cross railroad property would necessarily have been created by implication or estoppel, *Frederick v. Consolidated Waste Servs., Inc.*, 573 A.2d 387, 389 (Me.1990), or through prescriptive use. *See Bangor & Aroostook R.R. Co. v. Daigle*, 607 A.2d 533, 535 (Me.1992).

The Superior Court declared the railroad land to be subject to a quasi-easement, one of two types of implied easements. For such an easement to be created by implication, the "property when in single ownership [must have been] openly used in a manner constituting a 'quasi-easement.'" *Bowers v. Andrews*, 557 A.2d 606, 608 (Me. 1989). We have defined a quasi-easement as

existing conditions in the land [conveyed] the continuance of which would be so clearly beneficial to the land [retained] that they would be presumed to be intended. These easements must be such as *are apparent in the sense of being indicated by objects which are necessarily seen or would be ordinarily observable by persons familiar with the premises.*

*Id.* at 608 n. 2 (quoting *Brown v. Dickey*, 106 Me. 97, 101, 75 A. 382, 384 (1909)) (emphasis added).

In this case, the easement claimed is in the nature of a railroad crossing. At the time of the conveyance, the railroad tracks did not exist. In my view, the court could not conclude, at least as a matter of law on the state of this record,[1] that a quasi-easement in the nature of a railroad crossing or other road or path was "apparent in the

---

1. The Robinsons have not filed any affidavits as to the conditions existent on the land at the time

of the severance in 1850.

sense of being indicated by objects which are necessarily seen or would be ordinarily observable by persons familiar with the premises." *Id.*

I would vacate the summary judgment and remand for a determination of whether the railroad land is burdened by an easement benefitting the Robinsons, and the nature of any such easement.