STATE OF MAINE                          SUPERIOR COURT
YORK, ss                                CIVIL ACTION
                                        DOCKET NO. AP-00-67
                                        GAB - YOR - 4/18/2001


DONNA DIONNE,

        Plaintiff/Appellant

v.                                          DECISION


TOWN OF KITTERY and
KITTERY ZONING BOARD OF APPEALS

        Defendants/Appellees

                                  �functionality

                                  Facts

        In 1973, Donna Dionne and her husband[1] purchased property located at 44
Remicks Lane in Kittery, Maine. The Dionnes decided to build a home, but to leave
off a farmer's porch until they had more money. At the time their home was built
the Kittery Ordinance required that their residence be setback 20 feet from the front
line. The Dionnes therefore positioned their home 28 feet from the front setback to
allow for the possibility of building an 8 foot farmer's porch at a later date. In July
1977, the Town of Kittery adopted a revised Ordinance, which changed the front
setback to 40 feet. On August 26, 1999, Donna Dionne applied to the Kittery Code
Enforcement Office for a permit to construct a 8' x 38' farmer's porch at her
residence. The Code Enforcement Officer (CEO) for the Town of Kittery denied
Dionne's application based upon the fact that the proposed porch did not meet the
front setback requirements. The Kittery Zoning Board of Appeals ("ZBA" or
"Board") upheld this determination. Dionne now appeals from this decision.

_____

[1]Ms. Dionne's husband has since passed away.

Discussion

*Standard of Review*

The Court must examine the record and review the Board's decision for "abuse of discretion, legal error, or findings unsupported by substantial evidence in the record." Twigg v. Town of Kennebunk, 662 A.2d 914, 916 (Me. 1995). In essence, the "reviewing court's function is to determine only whether the decision of the Board of Appeals was unlawful, arbitrary, capricious, or unreasonable." Penobscot Area Housing Development Corp. v. City of Brewer, 434 A.2d 14, 21 (Me. 1981).

*Due Process*

Dionne argues that she was not afforded due process of law because the Kittery ZBA did not use the appropriate process for reviewing the decision of the CEO. Section 16.24.060 of the Ordinance enumerates specific criteria for reviewing the decision of the CEO. Section 16.24.060 states that the zoning board of appeals "shall . . . give consideration, among other things, to" sixteen listed factors. Dionne argues, that by not addressing these criteria, the Kittery ZBA abused its discretion and committed an error of law.

Almost all of the factors listed in § 16.24.060 are clearly irrelevant to the construction of Dionne's proposed porch. For example, § 16.24.060 requires the Board to consider: the effects on vehicular traffic congestion; the availability of sewage facilities; whether or not the use will cause disturbing emission of electric discharges, dust, light, vibration or noise; the necessity for paved off-street parking and; whether the proposed use will provided for adequate pedestrian circulation. At the hearing, Ms. Dionne's attorney seemed to address two of the factors enumerated in § 16.24.060: traffic and safety concerns. Neither Dionne's attorney nor the ZBA made any further specific reference to these criteria. Arguably, however, although not explicitly stated, the ZBA did apply the only relevant criteria listed in § 16.24.060:

(11) Whether the plot area is sufficient, appropriate and adequate for the use and the reasonably anticipated operation and expansion thereof.

Because the remaining factors are irrelevant to building the proposed porch, the remaining factors listed in §16.24.060 could be answered in favor of Dionne, and yet, the proposed porch would still violate the setback requirements of the Town Ordinance. This result would conflict with admonition in §16.24.060 that "no variance or special exception may be granted for premises on which outstanding violations of this title exist, unless the effect of such variance or special exception would remedy all such violations."

To satisfy due process, "the Board needs to apply the proper law in an evenhanded way, not arbitrarily or capriciously." White v. Town of Hollis, 589 A.2d 46, 48 (Me. 1991); see also Tisei v. Town of Ogunquit, 491 A.2d 564, 569 (Me. 1984). Although Dionne argues that she could not have been aware of the standards employed by the Board and that the standards were not meaningfully applied, the minutes of the hearing demonstrate that everyone was aware of what the issue and standards were: the 40 foot setback requirement, not each and every criteria, however immaterial, enumerated in §16.24.060. This is not a case where the ZBA "roam[ed] at large in policy making" and acted in an unpredictable manner. See Wakelin v. Town of Yarmouth, 523 A.2d 575, 577 (Me. 1987). In focusing on the 40 foot setback requirement, the only appropriate and relevant criteria, the ZBA did not act arbitrarily or capriciously.

*Equal Protection*

Dionne argues that the Board has permitted other expansion projects that have violated the Ordinance's front and lateral setback requirements. Dionne argues that in approving other similar expansion projects, the Board displayed favoritism and discrimination and therefore violated her equal protection rights.

In order to establish a constitutional equal protection violation based on

3

selective enforcement, Dionne must establish that "the challenged decision. . . had a discriminatory effect and that it was motivated by a discriminatory purpose.'" Polk v Town of Lubec, 2000 ME 152, ¶ 14, 756 A.2d 510, 513; see also Tri-State Rubbish v. Town of New Gloucester, 634 A.2d 1284, 1287 (Me. 1993)("A selective prosecution claim requires a showing of discriminatory intent."). "Unequal application of a law to those who are entitled to be treated alike is not a denial of equal protection unless there is shown to be an element of intentional or purposeful discrimination." Aucella v. Town of Winslow, 583 A.2d 215, 216 (Me. 1990). An intent to discriminate may be inferred from the totality of the relevant facts. Id.

In regard to the approval of lateral expansion projects that encroach on the side setback requirements, the Board did acknowledge that it has interpreted its Ordinance as allowing additions to nonconforming structures when the proposed expansion was lateral and rendered the structure no closer to the front line setback. However, the record is devoid of evidence showing that the practice of allowing non-conforming lateral expansion was motivated by a discriminatory purpose.

In an attempt to prove that the Board has approved other violations of the front setback requirement, Dionne submitted photographs of other properties she believed were granted relief from the setback requirements, as well as making oral references to several properties that she said were allowed to expand in violation of the setback requirements. From this evidence, Dionne argues that other applicants received approval from the Board, even though the proposed expansion resulted in a structure less than 40' from the front setback. However, the photographs presented to the Board to prove Dionne's case lacked evidence of exact setback distances. Dionne also failed to prove whether the setbacks of such structures were reduced (if in fact they were reduced) because of the averaging provisions of the Ordinance relating to the front yard setbacks of the adjacent lots.[2] This Court cannot find, therefore, that Dionne's equal protection rights were violated.

---

[2]The Ordinance states that "building setback from the street line need not be greater that the average of the setback distances of the buildings on the lots next thereto on either side." 16.28.080.

4

## Conclusion

For the above reasons, the decision of the Kittery Zoning Board of Appeals is affirmed.

April 18, 2001

Justice Arthur Brennan

G. J. Orso, Esq. – PL
D. McEachern, Esq. – DEFS

5