STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. RE-09-40/
                                                  ~/ 1\1M - Pb r/- 4) ( - o .

CHRIS KLADOPOULOS, ET. AL.,          )
                    Plaintiffs,      )
                                     )
                                     )
                                     )
          v.                         )         **ORDER ON THE PARTIES'**
                                     )         **MOTIONS FOR PARTIAL**
                                     )         **SUMMARY JUDGMENT**
                                     )
                                     )
DONALD GRILLO, ET. AL.,              )
                    Defendants.      )

        This matter comes before the Court on Plaintiffs' Motion for Partial Summary
Judgment on Count I and Defendants Grillo, Roseberry, Douglas and Sandra
McPheters, and William and Laurelle Shoemakers' Cross Motion for Partial Summary
Judgment.

## *BACKGROUND*

        On September 14, 2007, Richard E. Seamons conveyed to the Plaintiffs, Chris and
Toni A.S.B. Kladopoulos, certain parcels of real property located in Exeter, Maine. (Pl.'s
Supp. S.M.F. ¶ 11.) As alleged in the Complaint and reasserted in their summary
judgment pleadings, the plaintiffs claim that they have a right to access their Exeter,
Maine property over various roads including "the 'Ridge Road,' a portion of the 'Cider
Hill Road,' the 'Nichols Road,' and most conveniently and directly, the 'Hawk Hill
Road' f/k/a the 'Old Colbath Road.'" (Compl. ¶ 43.). Defendants Grillo, Roseberry,
Douglas and Sandra McPheters, and William and Laurelle Shoemaker assert that the
Plaintiffs have no right to travel over the Hawk Hill Road. With respect to the Old
Nichols Road and the Ridge Road, none of the Defendants who have responded oppose
this aspect of the Plaintiffs' Motion for Summary Judgment.

## *STANDARD OF REVIEW*

        "Cross motions for summary judgment neither alter the basic Rule 56 standard,
nor warrant the grant of summary judgment *per se." F.R. Carroll, Inc. v. TD Bank, N.A.,*
2010 ME 115, ¶ 8, 8 A.3d 646, 648 (citation omitted). The Court reviews the parties'
respective statements of material fact separately to determine whether "the record
reflects that there is no genuine issue of material fact." *Id.* ¶ 8, 8 A.3d at 649 (citation
omitted). "[W]hen facts, though undisputed, are capable of supporting conflicting yet
plausible inferences—inferences that are capable of leading a rational factfinder to
different outcomes in a litigated matter depending on which of them the factfinder
draws—then the choice between those inferences is not for the court on summary
judgment." *Id.* (citation omitted).

1

*ANALYSIS*

There are three aspects of the Plaintiffs' Motion for Summary Judgment: one relates to the Ridge Road, one to the Old Nichols Road and one to the Hawk Hill Road.

With respect to the Plaintiffs' Motion for Summary Judgment as it relates to the Old Nichols Road, the Motion is GRANTED. There are five (5) abutters (counted by parcels, not by individuals) who may have an interest in the Old Nichols Road. Three of the owners have been defaulted. The remaining two owners have consented to the entry of judgment.

With respect to the Plaintiffs' Motion for Summary Judgment as it relates to the Ridge Road, the Motion is GRANTED as to all named defendants who are abutting owners, except James and Julie Leavitt. There are thirteen abutters (counted by parcels, not individuals) who may have an interest in the Ridge Road as it relates to this action. Six have defaulted, four have consented to judgment, and one has been dismissed. Another abutter, Michael and Deborah Roderka, have answered and joined in the Defendants' Memo on Summary Judgment. Since none of the Defendants who filed the memorandum objected to the Motion as it relates to the Ridge Road, there appears to be no objection by the Roderkas. However, James and Julie Leavitt filed a letter with the Court on November 30, 2010 stating that they had not received a copy of the Plaintiffs' Motion for Summary Judgment, and the Court has not addressed that letter. Therefore, the Leavitts have been given an additional period of time to respond to the Motion for Summary Judgment.

With respect to the Hawk Hill Road, Plaintiffs' and Defendants' Motion for Partial Summary Judgment are both DENIED. Plaintiffs have argued, under two theories, that they have the right to access their Exeter, Maine property over the Hawk Hill Road, and the Defendants argue that the Plaintiffs do not have that right. The crux of the dispute concerns whether the "Hawk Hill Road" was discontinued by the Town of Exeter in 1950 or in 1972.

Plaintiffs first argue, pursuant to 23 M.R.S. § 3026 (formerly 23 M.R.S. § 3004), that the Hawk Hill Road was discontinued in 1972, and therefore they, along with the general public, have an easement to use the road. In their cross motion for Summary Judgment, Defendants argue that the Hawk Hill Road was discontinued in 1950, and therefore there is no remaining public or private easement. *Compare Frederick v. Consolidated Waste Serv., Inc.*, 573 A.2d 387, 389 (Me.1990) (holding that a road discontinued by a town prior to 1965 created neither a public nor a private easement) *with* 23 M.R.S. § 3004 (1965) (in effect in 1972) (providing that unless otherwise stated, the discontinuance of a town way shall be presumed to relegate the town way to the status of a private way[1]) *with* 23 M.R.S. § 3004 (1965), *repealed by* P.L. 1975, ch. 711, §§ 7-8 (providing that unless otherwise stated, a public easement remains in discontinued town roads). As stated by the Defendants, "if the Court finds ... [the Hawk Hill Road was discontinued by the Town in 1950], Defendants own to the center line of the road

---

[1] The term "private way" is a term of art that means "public easement" in common legal parlance in Maine. *See* Fournier v Elliot, 2009 ME 25 ¶ 19 n.6, 966 A.2d 410, 416-17.

2

and [have] a right to bar Plaintiffs, and . . . the public in general, from using the [Hawk Hill Road]." (Def.'s Opp'n and Cross-Mot. Summ. J. 4.) Alternatively, "if the Court finds ... [the Hawk Hill Road was discontinued by the Town in 1972], then the Plaintiffs enjoy the right to use the [Hawk Hill Road] along with the general public." (*Id.*) While the Court recognizes that the information and documentation used by each party to support the cross-motions for summary judgment may well be the same information and documentation relied upon by the parties at trial, it is at the trial stage that the essential factual dispute in this case and the sufficiency of the evidence will be determined.

Plaintiffs argue, in the alternative, that 33 M.R.S. § 460 prevents Defendants from barring Plaintiffs' travel over the Hawk Hill Road. This claim is dependent on the Hawk Hill Road being deemed a "town or private way". *See* 33 M.R.S. § 460. Whether the Hawk Hill Road is determined to be a "town or private way" will depend on factual findings made at trial, and if it is determined that the Hawk Hill Road is a "town or private way" then, pursuant to 33 M.R.S. §460, a factual determination would have to be made whether the Plaintiffs' access over the road was "necessary". Thus, summary judgment is denied on this alternative argument.

The Clerk shall enter this Order upon the docket as follows: Plaintiffs' Motion for Partial Summary Judgment is entered in part and denied in part. Defendants' cross Motion for Partial Summary Judgment is denied.


Dated: April 12, 2011

_____
Ann M. Murray, Justice
Maine Superior Court

3

STATE OF MAINE                                          SUPERIOR COURT
PENOBSCOT, SS.                                          Docket No. RE-09-40


CHRIS KLADOPOULOS et al,        )
                                )
            Plaintiff,          )
                                )
                                )
        v.                      )                       JUDGMENT
                                )
                                )
DONALD GRILLO et al,            )
                                )
            Defendant.          )


On May 3, 2011, a non-jury trial was held in this matter with regard to the remaining issues not resolved by the court's prior order dated April 12, 2011.[1] At the trial, the court was presented testimony by Plaintiff Chris Kladopoulos, Tressa Smith, the Town Manager for the Town of Exeter, and Donald Grillo, one of the named Defendants. Numerous exhibits were also admitted, either through these various witnesses or by stipulation.

The primary issue for determination at the trial related to the rights of access to a roadway in the Town of Exeter variously known as Hawk Hill Road or Frank Colbath Road.[2] It is not a matter of dispute that this roadway is no longer a town road, having been discontinued by the town at least as early as 1972. The specific issue of dispute for determination by the court is whether the discontinuation by the town occurred in 1950 or in 1972. If the roadway was not discontinued until 1972, the Plaintiffs, along with the general public, could claim the right to use the roadway for access to the property, which they purchased in Exeter, Maine. If the discontinuance by the town occurred in 1950, as Defendants contend, there would have been no remaining public or private easement over the roadway, and specifically, Plaintiffs would have no right to use the roadway for their own access needs. See *Frederick v. Consolidated Waste Services, Inc.*, 573 A.2d 387 (Maine 1990).

Based upon the evidence presented at the trial, the court makes the following factual findings:

---

[1]    Justice A. Murray issued an Order on April 8, 2011, extending the time during which Defendants James and Julie Leavitt could respond to the motion for summary judgment filed by the Plaintiffs. Plaintiffs' claims as to Defendants James and Julie Leavitt remain to be determined by Justice A. Murray and are not part of this court's judgment.

[2]    The Court finds that by agreement of the parties the roadway known as "Hawk Hill Road" or "Frank Colbath Road" is in fact the same roadway as it appears on the face of the earth.

1. The Hawk Hill Road was a roadway in the Town of Exeter, also formerly known as the Frank Colbath Road.
2. A fire in the town office for the Town of Exeter occurred in 1954 which destroyed many town records including official town records relating to actions taken by the town relating to the discontinuance of various roads in 1950.
3. Article 67 of the warrant for the annual town meeting scheduled for March 13, 1950, stated:

> Art. 67. To see if the town will vote to discontinue roads as listed, or act anything relating thereto:
>
> > Frank Colbath Road leading from Mrs. Smith's place to the Ridge Road (near Dave Crowell's).
> > Road from Dave Crowell driveway to Bradbury Corner.
> > Road from Edmond Johndro's to Garland line.
> > Road from Gerauld Butter's turn northerly to Avenue Road.
> > Road from four corners of Fogler Farm to four corners of Mert Pushor Farm, so called Dole Hill.

4. The town maintained a summary of road closures, which had occurred within the Town of Exeter over various periods of time. (Attached as Exhibit A to Defendants' Exhibit 5B)
5. The summary of road closures indicates the Frank Colbath Road was closed in 1950 pursuant to the town meeting's actions on Article 67.
6. In 1972 the warrant for the town meeting for that year included a number of articles relating to the discontinuance of various roads. The roadway described in Article 61 of that year's warrant was the Hawk Hill Road, which had formerly been known as the Frank Colbath Road.
7. Article 61 was passed at the 1972 town meeting.
8. Tressa Smith, the town manager for the Town of Exeter, testified at trial that the town voted again in 1972 to discontinue various roadways to make an official record.
9. During her testimony, Ms. Smith identified on Plaintiffs' Exhibit 11 a roadway which she understood to be both the Frank Colbath Road and the Hawk Hill Road.
10. Given the destruction of the town's records by the fire in 1954, Ms. Smith testified that the summary document entitled "Town Roads", and attached as Exhibit A to Defendants' Exhibit 5B, is the best evidence of the actions taken by the town in discontinuing roads before 1972.

Based upon the evidence presented at trial, the Court concludes that the Town of Exeter voted to discontinue the Frank Colbath Road (later known as Hawk Hill Road) at its town meeting on March 13, 1950. Although the town attempted to confirm that prior action by again voting to discontinue this roadway (and other similarly acted upon roadways) by a vote in 1972, such action did not nullify the town's prior act of discontinuation, which occurred in 1950. The Plaintiffs have provided no support for the contention that a subsequent discontinuation by the town would make a prior discontinuation ineffective or a nullity. Plaintiffs rather contend that the evidence of the

prior discontinuation of the roadway is insufficient. This Court does not concur in that factual conclusion based upon the evidence presented at the trial.

Accordingly, based upon the Court's conclusion that the roadway at issue was discontinued by the Town of Exeter as of March 13, 1950, Plaintiffs have no legal basis upon which to now claim a right of access across that same roadway. Judgment is further accordingly GRANTED in favor of the Defendants.[3]

Dated: June 2, 2011

_____
JUSTICE, MAINE SUPERIOR COURT

---

[3] At the commencement of the trial, Plaintiffs indicated that they were no longer pursuing their claims in counts two and three based upon theories of prescriptive easement. Counts two and three are therefore dismissed with prejudice.